ADRIAN VAN SINDEREN, AS TRUSTEE, ETC., UNDER THE WILL OF WILLIAM LAWRENCE, DECEASED, RESPONDENT, *v.* WILLIAM B. LAWRENCE, APPELLANT.

*Surrogates' Courts — extent of their jurisdiction over questions arising upon the accounting by a testamentary trustee — injunction.*

On a settlement in the Surrogate's Court, of the accounts of a testamentary trustee, that court has no authority to enter upon the hearing and determination of any collateral or incidental disputes involving the right or title of either of the claimants to an interest in the estate, such as the effect of a general release executed and delivered by a party interested in the estate to the trustee, by which such party relinquishes and releases all and singular his right, title and interest in and to the entire trust estate.

Such rule has not been changed by the provisions of the Code of Civil Procedure relating to that subject.

The jurisdiction of the Surrogate's Court, in the matter of the accounts of testamentary trustees, is co-extensive with its jurisdiction over the accounts of executors and administrators.

Where such questions are presented in proceedings pending in the Surrogate's Court, upon which it has not authority to pass, an injunction will be granted, in an action brought in the Supreme Court to determine the same, enjoining and restraining any further proceedings in the Surrogate's Court relating to the decision of such questions.

APPEAL from an interlocutory judgment of the New York Special Term of March 26, 1888, entered on that day in the office of the

clerk of the county of New York, overruling a demurrer interposed to the plaintiff's complaint..

*Albert Bach*, for the appellant.

*Eugene L. Richards, Jr.*, for the respondent.

DANIELS, J. :

The plaintiff is the trustee of the estate of William Lawrence, deceased. In January, 1887, he presented his petition to the Surrogate's Court for the county of New York for a citation, directed to the beneficiaries under the last will and testament of the testator, to attend the judicial settlement of the plaintiff's accounts as such trustee. The citation was issued and served, and after its return day an application was made by the defendant for leave to be made a party to the accounting, which was allowed by the surrogate. He thereupon filed objections to the account and it was referred by the surrogate to a referee to take the accounting. The plaintiff in the action objected to the defendant being heard upon the accounting, on the ground that a general release had been executed and delivered by him to the plaintiff on the 17th of March, 1866, by which he relinquished and released all and singular his right, title and interest in and to the entire trust estate, both real and personal, wheresoever the same might be situated, of the said William Lawrence, deceased, under and by the terms and provisions of his last will and testament, and acknowledged the full receipt and satisfaction of all claims and demands in his behalf against the estate and against the plaintiff, as executor. Both the surrogate and the referee declined to pass upon the validity of the release, or to hear and consider the objections made against it by the defendant. And this action was accordingly brought to enjoin the proceedings before the surrogate until, upon its hearing and decision, the release might be established as a conclusive discharge of the plaintiff from the claims against himself or against the estate by the defendant.

The allegations contained in the complaint were sufficient to bring the case within the authority of the decisions made *In Matter of Brown* (3 Civil Pro. R., 39, 45–51) ; *Matter of Giles' Estate* (11 Abb. N. C.; 57) ; *Pettigrew* v. *Foshay* (12 Hun, 486), and

*Wright* v. *Fleming* (76 N. Y., 517), provided the authority of the surrogate over the controversy concerning the release was substantially the same as it would have been if the application had been made for the accounting by an executor or administrator.

In support of the demurrer and of this appeal this has been denied and the appellant has insisted that the authority conferred upon the surrogate over the settlement of the accounts of a trustee are broader and so much more extended than it is over the accounts of an executor or administrator as to include the power to try and determine the questions which have arisen concerning the execution, delivery and effect to be given to the release. But the provisions contained in the Code do not seem to sustain this distinction. By section 2802, any trustee created by a last will and testament, or appointed by competent authority to execute the trust, may, at any time, file an intermediate account and annually render, and finally judicially settle, his accounts before the surrogate of the county having jurisdiction of the estate or trust. But this, it has been further declared, is to be done in the manner provided by law for the final judicial settlement of the accounts of executors and administrators; and the effect to be given to the decree is to be the same, and no greater, than a decree entered upon the settlement of the accounts of an executor or administrator, and an appeal is allowed to be taken from the decree in the same manner. From the language of this section, it seems to have been the purpose of the legislature to confer upon the surrogate the same power over the settlement of the accounts of the trustee which was previously given to him over the accounts of executors or administrators; and that power, both by this section and also those contained in article 2 of title 4 of chapter 18 of the Code, has been to do no more than to settle and judicially determine the accounts themselves. No authority has been conferred to enter upon the hearing and determination of any collateral or incidental disputes involving the right or title of either of the claimants to an interest in the estate, after that may have been formally released, as it was in this case. By section 2807 of the Code, power has been given to the surrogate to compel a judicial settlement of the accounts of a testamentary trustee in three specified classes of cases, but the power there conferred has been limited entirely to the settlement of the accounts themselves; and the other sections succeeding sec-

tion 2802, to and including section 2806, and from 2808 to 2815 of the Code, relating to the proceedings before the surrogate, have extended his jurisdiction no further than over the settlement of the accounts, the manner in which the parties are to be brought before the surrogate for this object, and the effect to be given to the final decree. That his jurisdiction was intended to be limited to this object further appears from the application made by section 2810 of sections 2729, 2730, 2731, to the proceedings allowed to be taken before the surrogate; and the same result follows from the application of sections 2734–2737, 2739–2741, 2743, 2744 and 2746, by section 2811 to the same proceedings. For these sections, so applied, do no more than to regulate the power of the surrogate and prescribe the manner in which the proceedings are to be taken, the hearing to be had and the disposition or distribution of the funds found in the hands of the executor or administrator. Section 2739 forms no exception to this construction, for that has done no more than to provide that the executor or administrator may prove, as a part of the settlement, any debt owing to himself by the decedent; and when a contest arises between the accounting party and any of the other parties, respecting property alleged to belong to the estate, but which may be claimed by the executor or administrator, or concerning a debt alleged to be due from him to the decedent, or from the decedent to the personal representative, there the contest is to be tried and determined in the same manner as any other issue raised in the Surrogate's Court. But broad as the language is, which has been employed in the enactment of this section, it does not include a controversy of the tenor and effect of that existing between these parties.

Section 2812 of the Code, upon which much reliance has been placed, also fails to extend the jurisdiction of the surrogate over this controversy. That section has declared that a controversy which arises upon the settlement of the account of the trustee respecting the right of a party to a share of the money, or other personal property, to be paid or distributed must be determined in the same manner as other issues are determined; but this has not conferred upon the surrogate the power to try and dispose of the controversy, but its direction is general that it must be determined in the same manner as other issues; and issues concerning controversies of this description are to be tried and determined by actions, as distinguished from pro-

ceedings before the surrogate. The remaining portion of this section contemplates such an expectation, for it has been thereby provided that if such controversy remains undetermined after the determination of all other questions upon which the distribution of the fund, or the delivery of the personal property depends, the decree must direct that a sum sufficient to satisfy the claim in controversy, or the proportion to which it is entitled, together with the probable amount of the interest and costs, and if the case so requires that the personal property in controversy, be retained in the hands of the accounting party, or that the money be deposited subject to the surrogate's order for the purpose of being applied to the payment of the claim when it is due, recovered or settled. These directions would have been unnecessary if it had been intended that the surrogate should determine these disputes. For if he had that power he could, without any such provisions, determine the controversy before a distribution would be directed; or, if that course should not be considered advisable, to divide the controversy, allowing the residue of the estate to be settled and adjusted, and the part to which the controversy related retained until it should be settled. The language of this part of the section is more directly adapted to what shall be done with property or money concerning which controversies shall arise in the proceedings to settle the account, which may not be heard or determined by the surrogate. And it further evinces the intention of the legislature to have been that a controversy of the description of that involved in this action should not be tried and determined by or before the surrogate. By all the sections of the Code, referring to and providing for the settlement of the accounts of testamentary trustees, the intention is disclosed of giving the surrogate the same jurisdiction, and no more, than he has over the accounts of executors and administrators. There was obviously, also, no reason for making any distinction in this respect, or of giving to the surrogate the power to hear and determine disputes with a trustee which he could not hear or determine upon the settlement of the accounts of an executor or administrator. The proceedings are practically homogeneous in each of these classes of cases. And the plain object of the law was to subject testamentary trustees to all the duties and obligations to which administrators and executors were subjected in the settle-

ment of their accounts, and to give the surrogate the same, and no other, authority over the trustee than he was given over these other representatives.

The judgment accordingly appears to have been warranted by the law, and it should be affirmed, with costs, but with liberty to the defendant to withdraw the demurrer and answer in twenty days on payment of the costs of the demurrer and this appeal.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs, but with liberty to the defendant to withdraw the demurrer and answer in twenty days on payment of the costs of the demurrer and this appeal.

DANIELS, J.:

The injunction was issued to enjoin and restrain the defendant, his agents, etc., during the pendency of this action, from taking any further steps in the Surrogate's Court, upon or relating to, or in attempted violation of the general release executed and delivered by the defendant to the plaintiff. The right of the plaintiff to this injunction depended upon the same facts as his right to maintain and prosecute the action itself to obtain an adjudication sustaining or controlling the effect of the release in controversy. That such an action may be maintained has the approval and authority of *Wright* v. *Fleming* (76 N. Y., 517) as well as the other authorities which have been mentioned in the disposition of the appeal in this action from the interlocutory judgment. It is unnecessary to go over the case again for the disposition of this appeal. As the surrogate and the referee appointed by him was without the power to hear and dispose of the controversy which has arisen concerning the release, it followed that the plaintiff was entitled to have it heard and determined in this action. And as all the necessary facts have been alleged and set forth upon which that determination may be made, and disclosing its necessity, the order continuing the injunction was right and it should be affirmed, with ten dollars costs and also the disbursements.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.