---

## In re EISNER'S ESTATE.

*(Surrogate's Court, New York County. February 20, 1889.)*

1. EXECUTORS—ACCOUNTING—BURDEN OF PROOF.
    Where, on an accounting by executors, it appears that one of them during the life-time of the testatrix received money as her agent, the burden of proving that he has accounted for it or disbursed it for her benefit is upon the executor.

2. SAME—JURISDICTION OF SURROGATE.
    The surrogate's court can, upon such an accounting, adjudicate the question of the executor's liability for the funds so received.

3. SAME—REFEREE'S FINDINGS.
    When the evidence as to questions of fact decided by a referee is conflicting the court will not disturb his findings in relation thereto.

*Benno Loewy,* for guardian. *George W. Carr,* for executors. *George P. Avery,* for Samuel Eisner, contestant.

RANSOM, S. The exceptions filed by the contestants to the disposition made by the referee with respect to the amount of rents accounted for by the executors for the Forty-Seventh street and First-Avenue premises, and with respect to the amount paid to Mr. Carr for legal services, as well as the exceptions of the executors, Mark and Julius Eisner, to the findings of the referee with regard to the individual claims made by them against her estate for services to the testatrix, are overruled. The evidence concerning each of these matters was conflicting, and where such is the situation the rule which I have adopted requires that the report of the referee should be sustained. *In re Odell's Estate,* 2 N. Y. Supp. 752. The determination which the referee has made respecting the objections relating to the other matters of contention is, with a single exception, correct, and the exceptions thereto are overruled.

The contestants filed an objection to the omission of the executors to account for a large amount of money claimed to have been collected by one of the number as the agent of the testatrix, and for which it was contended he was indebted to her at the time of her death. There is no doubt of the power of the court to try the validity of this claim, and to hold the executor, who is found to be a debtor, accountable in this proceeding. Sections 2739, 2596, Code Civil Proc.; *Matter of Eisner,* 5 Dem. Sur. 386. Whether or not his co-executors could be held liable therefor would depend entirely on the particular circumstances of the case. The statute (section 13, tit. 3, c. 6, pt. 2, 3 Rev. St. 7th Ed. p. 2296) regards such a debt as an asset of the estate, for which the debtor is liable as so much money in his hands, and which is distributable in the ordinary course of administration. Such being the case, it would seem that ordinarily, and in the absence of very special circumstances, his co-executors would not be chargeable with the amount of the debt. Whether such circumstances exist in the present case can be ascertained upon the rehearing

which I am about to direct with respect to the subject-matter of the objection under consideration.

After evidence had been given on the part of the objectants concerning such matters, showing the receipt by the alleged indebted executor during the lifetime of the testatrix of considerable sums of money on account of rents and other debts due her, but respecting whose disposition no proof was submitted on the part of any party to the proceedings, a motion was made by the executors' attorney to overrule the objection.    The motion was granted, evidently on the ground that the burden of proof rested with the contestants to show that these moneys had not been disbursed on account of the testatrix, or satisfactorily accounted for to her.    In this the referee was in error.    It was at least the duty of the executor who had received the moneys to give some account or satisfactory explanation of their disposition.    The evidence adduced previously to the making of the motion showed that these moneys were received by the executor not otherwise than as the agent of the testatrix, and with no apparent design on her part to relieve the recipient for accountability for them.    In a later stage of the case, and upon the trial of the claim which the executors who received the moneys presented against the estate for alleged services to the testatrix, and of a like claim made by one of his co-executors, evidence was given by the former and by other witnesses as to the expenditure of moneys and payment of debts to a considerable amount by him on account of the testatrix.    Whether this evidence, although in great part quite general in character, would, if it had been elicited previously to the motion to overrule the objection in question, have been sufficient to answer the burden that I think was imposed on the executor who had received the moneys to account for their disposition, and thus justify the ruling of the referee, it is now unnecessary to decide.    As it stands, it was obviously regarded as relating solely to the issue raised respecting the executor's personal claim, and not as affecting the objection which had already been withdrawn from consideration by the ruling of the referee.    The matter may be referred back to the referee for the submission of evidence by the accounting parties with respect to the disposition of the moneys referred to in the objection, which I think the referee erroneously overruled, and for a further hearing with respect to such objection.    In all other respects the report should be confirmed.