MARGARET VAN VALKENBURG AND PHILIP LASHER, AS ADMINISTRATORS, ETC., OF ANNA M. LASHER, DECEASED, APPELLANTS, v. GEORGE H. LASHER, RESPONDENT.

*Surrogate — may not determine the validity of a disputed claim made by the estate against one of the next of kin.*

A surrogate, upon a final settlement of the accounts of an administrator, is not invested with authority to try the validity of a disputed claim made by the estate against a debtor, although the debtor is one of the next of kin, and appears as such.

APPEAL from a judgment of nonsuit directed at the Delaware Circuit, which was entered in the office of the clerk of the county of Delaware on the 7th day of January, 1889.

Frederick Lasher, of Middletown, Delaware county, N. Y., died intestate October 29, 1884, leaving his widow Anna M. Lasher, the plaintiffs and the defendant herein, Janet Gill and others, his children and only heirs-at-law and next of kin.

On the sixteenth day of January, 1886, said Anna M. Lasher was duly appointed administratrix of the estate of said decedent. On the 11th day of June, 1886, said administratrix instituted proceedings for an accounting, and a citation was duly issued, returnable August 5, 1886, in which the defendant was named as one of the next of kin and which was duly served upon him. On the return day of such citation, objections to the account of such administratrix were filed by Janet Gill, whereby it was sought to have the said administratrix

charged with an indebtedness which the contestant alleged existed from the defendant in this action to the estate of said Frederick Lasher, and which was due at his death and not collected. Pending this accounting, and before a hearing of the issues raised by the objections, Anna M. Lasher died. On the 13th of November, 1886, the plaintiffs were appointed administrators of her estate, and on the 2d day of December, 1886, the plaintiffs were also appointed administrators *de bonis non* of the estate of said Frederick Lasher. On February 14, 1887, the plaintiffs, as such administrators *de bonis non*, presented their petition to the surrogate of Delaware county for a final judicial settlement of their accounts as such, and citations were issued to the defendant and the other next of kin, requiring them to appear before the surrogate to attend such settlement, which citation was duly and personally served on the defendant.

Upon the return day the administrators *de bonis non* filed their account as such, charging themselves with the money and funds of said estate in the hands of the former administratrix at the time of her death, as shown by her account. To this account the said Janet Gill refiled the same objections which she had filed to the account of said Anna M. Lasher, and asked that their account should be surcharged with the various items alleged to be due the estate of Frederick Lasher from the defendant, as set forth by such objections, which it was alleged the former administratrix had failed to collect while acting as such; and having so failed, asked that her interest in the estate of said Frederick Lasher should be charged with such sums alleged to be due. It was thereupon stipulated by the administrators of the estate of Anna M. Lasher, and the administrators *de bonis non* of the estate of Frederick Lasher, that as all the parties interested in both estates were in court and were the same, the surrogate should take and state the account of the estate of said Anna M. Lasher, deceased, to the estate of Frederick Lasher, deceased, in the proceedings then pending for an accounting. The defendant was not a party to that stipulation. He, however, appeared on the return day of such citation in person and by attorney, and witnesses were sworn, both upon the part of the contestant and the part of the plaintiffs, as to the liability of the defendant to the estate of Frederick Lasher.

Upon the completion of the trial the surrogate made his decision,

whereby he found that at the death of Frederick Lasher the defendant was liable to him upon various matters in the sum of $318, and directed that said sum should be charged to the account of Anna M. Lasher, as administratrix, and that her estate should pay the same to the estate of Frederick Lasher. The said decision also provided that the sum of $318 should be deducted from the distributive share in his estate belonging to Anna M. Lasher. The plaintiffs demanded said sum of the defendant before action. This action was then brought to recover that amount from the defendant as money paid out and expended for him and in his behalf. The judge at the circuit nonsuited the plaintiffs.

*C. L. Andrus*, for the appellants.

*Edwin D. Wagner*, for the respondent.

MARTIN, J. :

The only question which we deem it necessary to examine in this case is whether the decree of the surrogate of Delaware county, entered in the matter of the accounting by the plaintiffs with the estate of Frederick Lasher, deceased, was sufficient evidence of the defendant's liability to the plaintiffs to justify a recovery in this action. No proof of any claim or indebtedness against the defendant was given, unless the decree of the surrogate was evidence thereof.

The question involved in the proceeding before the surrogate was, whether the plaintiffs' intestate had been guilty of negligence or an omission of her duty as administratrix of her husband's estate, in not enforcing certain alleged liabilities of the defendant to such estate. The defendant was a party to that proceeding as next of kin, but was not made a party as a debtor to the estate, nor sought to be charged as such. There was no issue between the plaintiffs and the defendant on that proceeding. The issue was between the plaintiffs and the contestant of their account. If the plaintiffs' claim, that the surrogate has jurisdiction of the person of the defendant and of the subject-matter of the constroversy in that proceeding, be admitted, still as the controversy there related solely to the question of the negligence of their intestate, the decree of the surrogate was not evidence of the defendant's liability in this action. The Code of Civil Procedure declares of what facts a sur-

rogate's decree shall be evidence (§ 2742), which does not include the facts necessary to sustain this action. (*Van Rensselaer* v. *Van Rensselaer*, 21 N. Y. State Rep., 948, 951.)

However, we do not think the surrogate would have had jurisdiction to try that question. No authorities have been cited, and we have found none, statutory or other, which would justify us in holding that a surrogate is invested with authority on a final settlement to try the validity of a disputed claim made by the estate against a debtor, although the debtor is one of the next of kin and appears as such. On the contrary, it has been held that the surrogate has no power to determine the validity of a claim of an estate against another, even when he is a legatee and the executor seeks to have such debt adjudged as a partial satisfaction of such legacy. (*Matter of Colwell*, 15 N. Y. St. Rep., 742; *Greene* v. *Day*, 1 Dem., 45; see, also, *Kintz* v. *Friday*, 4 id., 541; *Matter of Kellogg*, 39 Hun, 275; *Matter of Keef*, 43 id., 98.)

Hence we are of the opinion that the learned trial judge was right in holding that the decree of the surrogate was not conclusive or binding upon the defendant, that the surrogate had no jurisdiction to determine the claim between the estate and the defendant, and that he properly granted the defendant's motion for a nonsuit.

The judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.

---

JACOB M. MERTENS, AS SURVIVING PARTNER, ETC., RESPONDENT, v. JOHN C. FITZWATER, APPELLANT.

*Costs — when a defendant is not entitled thereto as against a plaintiff succeeding as to a part only of his claim.*

