Judgment for plaintiff.

| 57 | 165 |
|-----|-----|
| 126a | 73 |

IN THE MATTER OF THE PROBATE OE THE LAST WILL AND TESTAMENT OF JANE E. KELEMEN, DECEASED.

*Bequest in a will to a charitable society — codicil transferring such bequest to an individual with a request to carry the will into effect — death of testatrix within two months — parol evidence as to the intention.*

A testatrix made her will in February, 1889, and a codicil a few days thereafter in the same month, and died in March, 1889. By the fifth paragraph of the will the testatrix bequeathed certain legacies to several charitable societies, and by the ninth clause bequeathed and devised her residuary estate to one of said charitable societies. By the codicil she provided as follows: "Doubts having arisen as to the validity of the bequests made for charitable purposes in

my said will, I hereby modify said will, dated February 18, 1889, by making my friend, Townsend Wandell, my residuary legatee and devisee, and hereby request him to carry into effect my wishes with respect thereto; but this is not to be construed into an absolute direction on my part, but merely my desire. In all other respects I ratify my said will and testament, dated February 18, 1889."

The legacies to the charitable societies mentioned in the will were rendered void by the death of the testatrix within two months after the making of the will.

Upon the probate of the will evidence was given as to the circumstances attending the execution of this codicil, not for the purpose of contesting the probate, but with the view of establishing an agreement between the testatrix and Wandell, whereby the latter was to carry out the provisions of the will in favor of the charitable societies.

*Held*, that the intention of the testatrix must be gathered from the will itself, and that parol evidence as to the intention could not be resorted to for the purpose of destroying the codicil, which, upon its face, was not in violation of any statute.

That the codicil was not in contravention of the statute, making legacies to certain charitable societies void in case of the death of the testatrix within two months after the making of the will.

That by the codicil Townsend Wandell took an absolute estate for his own use.

APPEAL by James R. Hall and others, the next of kin of Jane E. Kelemen, deceased, from a decree of the surrogate of the county of New York, entered in the office of the clerk of the surrogate of the county of New York on the 27th day of November, 1889, adjudging that the true construction and legal effect of certain clauses of said will, and of the codicil thereto, when taken together, were that the bequest of the residuary estate to Townsend Wandell, the legatee therein named, was valid, and that the said Townsend Wandell was free to appropriate and use the same as his own.

*David McClure*, for the appellants.

*Jacob F. Miller*, for the respondent.

VAN BRUNT, P. J. :

The will in question was made and executed in February, 1889, and the codicil a few days after in the same month. The testatrix died in March, 1889. By the fifth paragraph of the will the testatrix bequeathed certain legacies to certain charitable societies, and by the ninth clause bequeathed and devised her residuary estate to one of said charitable societies. The codicil in question was as follows :

" Doubts having arisen as to the validity of the bequests made for charitable purposes in my said will, I hereby modify said will,

dated February 18, 1889, by making my friend, Townsend Wandell, my residuary legatee and devisee, and hereby request him to carry into effect my wishes with respect thereto. But this is not to be construed into an absolute direction on my part, but merely my desire. In all other respects I ratify said last will and testament dated February 18, 1889."

It is conceded that the legacies to the charitable societies were made void by the death of the testatrix within two months after the making of the will, and that the only question for consideration was whether the gift to Wandell by the codicil, which revoked the ninth clause of the will, was valid; and it is also conceded that a finding that it was valid necessarily excluded a finding that there was any trust for the benefit of the next of kin or of anybody else, or any agreement between the deceased and Wandell whereby the latter was to carry out any trust.

Parol evidence was given of the circumstances attending the execution of this codicil, not for the purpose of contesting the probate of the same, but for the purpose of establishing an agreement between the deceased and Mr. Wandell, whereby the latter was to carry out the trust, thereby making the codicil void as contravening the statute.

Upon what theory evidence of this kind is admissible I cannot comprehend. It is a cardinal principle in the construction of the terms of a will that the intention of the testator must be gathered from the will itself; parol proof only being permissible to show the condition of the estate and the surroundings of the testator, and that conversations as to the intention, or even written memoranda, cannot be resorted to for the purpose of sustaining a will which is apparently against the provisions of the statute, much less to destroy a will which, upon its face, is not in contravention of any statute.

It is true that evidence of this kind was received in the *Matter of O'Hara* (95 N. Y., 403), and that such evidence was commented on and formed the basis of the judgment of the Court of Appeals in the construction of that will.

But no point whatever was raised in the courts below as to the propriety of such evidence, and that court may not have felt it incumbent upon it to take the objection. As this court in the case of appeals from the Surrogate's Court is a court of original juris-

diction, we should only consider legal evidence in determining the question as to whether a decree should be reversed or affirmed.

It seems to be conceded by the counsel for the appellant that, considering the codicil itself, there is no contravention of any statute, and that it is only by force of the proof of transactions outside of the will itself that the existence of a trust can be established.

I do not think, until it is finally decided, that the provisions of a will may be declared invalid because of parol proof of what the intention of the testator was, which intention is not expressed in the will, that we should interfere with the intention of a testator as expressed in his will.

All that can be gathered from the language of the testatrix in the will in the case at bar is the expression of a wish on her part. She was careful to guard against the implication of having imposed an obligation. The language of the codicil carefully recognizes the distinction between a request and a direction; and it would appear that the testatrix knew that if she gave a direction the codicil would be void, but that if it was merely a request, a trust did not arise and the residuary bequest would be valid.

In the case of O'Hara, above cited, the bequest was declared void because it was found to have been made upon a promise by the executors to carry out the wishes of the testator. And it was because of this promise that the court held that a trust arose. In the case at bar there is no promise; there is no direction, but merely a request, which it was optional with the residuary legatee to carry out or not as he pleased.

We think, therefore, that the codicil was not in contravention of the statute and the decree should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Decree affirmed, with costs.