FOULKS *v.* FOULKS *et al.*

*(Supreme Court, General Term, Second Department.  July 18, 1890.)*

JUDGMENT—RES JUDICATA—JURISDICTION OF SURROGATE.

Plaintiff, as a residuary legatee of his father, filed objections to the accounts of the executors on the ground that they charged him with $26,000 advanced to him by testator, but instead of introducing evidence before the referee to show the invalidity of the accounts, the issues raised by the objections were, by consent of his counsel, reserved for argument before the surrogate. *Held,* that decrees of the surrogate overruling the objections and directing a distribution were conclusive against plaintiff, until reversed upon appeal, and a bar to a subsequent action to recover his distributive share of his father's estate, his right to which depended upon whether he had been properly charged with the $26,000.

Appeal from circuit court, Kings county.

Action by John W. Foulks against Thomas Foulks and others, executors of William Foulks, deceased, and others.   From a judgment dismissing his complaint the plaintiff appeals.   For report of general term opinion affirming an interlocutory judgment overruling a demurrer to the complaint, see 6 N. Y. Supp. 112; and for denial by the surrogate of a motion to vacate decrees theretofore rendered, see *ante,* 515.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Goodrich, Deady & Goodrich,* for appellant.   *Lawton & New,* for respondents.

DYKMAN, J.   This action was commenced for the recovery of the distributive share of the plaintiff in the estate of William Foulks, deceased.   William Foulks, who was the father of the plaintiff, John W. Foulks, died on the 26th day of August, 1886, leaving a last will and testament in which the defendants were appointed executors.   The will was proved, and the defendants qualified as the executors thereof.   The provision of the will involved in this action is this: "*Second.* As soon as possible after my decease, my executors shall sell and dispose of all of my real estate then remaining, and the proceeds thereof, and of such real estate as shall have been theretofore sold, together with all my personal property then remaining, my executors shall divide (and I do hereby give and bequeath the same) equally to and among my children, share and share alike, and if either of my children shall have died before my decease, leaving issue them surviving, such issue shall take the same share which its parent would have taken if living.   I, however, expressly provide, as to the foregoing division of my estate, that whatever advances have been made by me, or shall hereafter be made by me, to either of my sons or daughters during my life-time, as the same shall appear on my book of account, showing such advances, shall be charged to such sons and daughters respectively, and deducted out of their respective shares of my property upon the final division by my executors as above directed."

In April, 1888, the executors petitioned the surrogate for a final settlement of their accounts, and, in the accounts which they filed, the plaintiff in this action was charged with the sum of $26,000 for advancements made to him by his father in his life-time.   That charge was made by reason of the following entry upon the account-book of the deceased: "Account with John W. Foulks, September 10th, 1882.   Money lent on different times to San Francisco and New York, as near as I can tell at present, is twenty-six thousand, ($26,000.)"   Having been cited to appear on such accounting the plaintiff filed objections to the accounts, and the objections appertaining to the question now involved were as follows: "*Seventh.* In that by said account it appears John W. Foulks has been advanced $26,000 by said testator during his life-time.   *Eighth.* In that said accounts charged said John W. Foulks with the sum of $26,000, claimed to have been advanced to him during the life-time of said deceased."   Thereupon an order of reference was made referring the

v.10N.Y.s.no.10—50

accounts of the executors to a referee for examination. The parties appeared before the referee on the 28th day of May, 1888, and the plaintiff in this action was sworn as a witness, and examined as follows: "*Question.* Mr. Foulks, what was your relation to the decedent here? *Answer.* He was my father. *Q.* In the accounts of the executors here, as presented, is statement that during your father's life-time $26,000 was advanced by him to you, is that true? *Mr. Lawton.* Objected to on the ground that that is not a matter within the province of the referee on this accounting." The counsel for John W. Foulks offers to prove that at the time of the alleged advances Mr. Foulks and his father were partners in business, and that said alleged advances were not advances, but were contributions by said decedent as his share in said partnership. The parties consent to an adjournment of the reference for one week, with the understanding that the executors are not to be further examined in reference to the accounts; Mr. New to go over the books with the counsel for the contestant previous to the adjourned day, and when he can do it he is to admit such evidence without being examined orally in reference thereto.

Such were the proceedings before the referee so far as they are disclosed by the record before us, and on the 13th day of June, 1888, the referee made his report, in which he passed upon the accounts, and which contained this statement: "That the issues raised under and by the seventh and eighth objections filed by said John W. Foulks, contestant, have been, by consent of the attorneys for said John W. Foulks, and said executors and executrix, reserved for argument before the surrogate of Kings county, and for his adjudication thereon." Upon the coming in of such report of the referee an order was made by the surrogate which contained the following statement: "And now having examined said report, and the proofs and allegations of the parties, and maturely considered the same, and the parties having agreed that, out of the assets in the hands of said executors, said executors shall reserve in kind a part or portion thereof not less in value than $15,000 to meet or cover the claim or interest (if any there be) of said John W. Foulks, the contestant herein, and a further summary statement being hereto annexed and forming part of this decree, and to be recorded herewith, the surrogate proceeded to settle the said account in accordance with such summary statement, and said report of said referee." And then the surrogate, among other things, ordered "that of the remainder of the assets in their hands the said executors reserve so much, and such part in kind, as shall equal in value fifteen thousand dollars, to be held by them until the decision and final determination of the questions raised under objections seven and eight, filed as aforesaid on the contest of this account, and the motion made and argued herein on the fourteenth day of June, 1888, or of or upon any appeal that may be duly taken therein or therefrom, to any court or courts." Afterwards, and on the 23d day of November, 1888, the surrogate made a decree in which he recited the objections numbers 7 and 8 of John W. Foulks, and the reservation of the sum of $15,-000 by his order of July 12, 1888, and then stated that after hearing counsel in support of, and in opposition to, such objections, and the testimony offered in that behalf under the same, it was ordered that the motion be denied, and that the executors proceed with, and distribute the remainder of the property and assets of the estate in their hands according to the terms of the will, and on the 27th day of November, 1888, a supplemental decree was made and entered, of substantially the same purport. After the decrees of the surrogate were made, the plaintiff commenced this action for the recovery of the sum of $26,000 so charged against him as advances, and allowed as such by the surrogate, and the defendants have set up the proceedings and decrees of the surrogate as a bar to the action. The cause was tried at the circuit and the complaint was dismissed, and the plaintiff has appealed from the judgment entered against him.

There was no dispute about the facts so far as they have been recited, but the plaintiff controverts the finality of the surrogate's decrees because he possessed no jurisdiction to make them.   Our conclusion, however, is adverse to such contention for several reasons.   Upon the settlement of the accounts of the executors, it was competent and essential for the surrogate to make a decree for the final distribution of the property and money, remaining in the hands of the executors, among the persons entitled to the same, and that could not be done in this case until the validity of the charges against the plaintiff for advances had been determined.   Such charges were controverted by the plaintiff by his seventh and eighth objections, and, instead of introducing testimony to show their invalidity before the referee, the issues raised by such objections were, by the consent of counsel for the plaintiff and the executors, reserved for argument before the surrogate, and for his adjudication thereon.   The plaintiff thus abandoned his litigation over the charges for advances upon the facts, and as legitimate accounts against him individually, and acquiesced in the submission to the surrogate for his decision and questions raised by his seventh and eighth objections to the executors' accounts, and thus by the consent of all the parties the surrogate was clothed with jurisdiction and authority to decide the questions presented by the plaintiff.   It was entirely competent for the plaintiff to show, either before the referee or the surrogate, that the account against him. in his father's books was erroneous, or false, or spurious, or inadmissible for any reason, but he made no effort in that direction, and waived his privilege to do so by the submission of the entire question to the surrogate upon the undisputed facts as they were presented to that officer.   The charges upon the books of the deceased for advances to the plaintiff as they were contained in Schedule G of the executors' accounts were undisputed, and the determination of their validity was left to the decision of the surrogate, and he overruled the objections against the same raised by the plaintiff.   Having such jurisdiction, the decrees of the surrogate were conclusive against the plaintiff until reversed upon appeal. Aside from that, however, the plaintiff was permitted to attack the decree, and to show the invalidity of the charges against him for advances, but he failed in his efforts, and his complaint was dismissed.   We think the judgment should be affirmed, with costs.   All concur.