Coffin, S.
At the threshold of this matter lies the question as to the contestant’s right to appear, and hence, whether this court has any power to try and determine the validity of the alleged assignment of his share in the estate. For if he have, by his own act, ceased to have any interest in the estate, he cannot contest the account; *61 and if, on the contrary, the assignment should prove to be void for any reason, then his objections to the same must be heard and determined.
Now if this court has no power to try the question as to the validity of the assignment, then this proceeding must be suspended until it shall be determined by some court having general jurisdiction. If such an action were to be commenced at once, it might take years to reach a final result, and, indeed, such an fiction might not be commenced at all, and in the mean time the other next of kin, who- are content with the account as rendered, could not receive the shares due them now. The court would be practically enjoined from proceeding to the discharge of its duty by a party, who would thus, in this respect, have all the power of a superior court. It has been intimated that the surrogate has power, incident to the authority conferred upon him by Subd. 3 of section 2472 of the Code “ to direct and control the conduct ... of executors and administrators,” to compel them to commence a like action (In re Underhill, 117 N. Y. 471). But the closing sentence of that section says that the jurisdiction conferred thereby “ must be exercised in the cases and in the manner provided by statute.” I know of no' statute conferring upon the surrogate" any power to compel an executor or administrator to bring an action, for any purpose, in another court, nor any principal power to which it may be regarded as incident. Follow the matter out to its legitimate consequence. If it were done, it would be by an order to that effect, disobedience of which could be' punished as a contempt of court by imprisonment. To deprive one of liberty of person is of so grave a character that there must surely be an express, and not a mere inferential, grant of power to justify the act. It may be safely asserted that no surrogate in this State has ever made such an order and none who would venture to punish disobedience, were it made, as a contempt. Of course, were such a thing possible, it could *62 only be done in this case by coercing the administratrix to bring the action by filing what was formerly known as a bill of interpleader; for she is in no way interested in the controversy, except as its determination may have an effect' upon the objections filed. It would be utterly preposterous to hold that this court can compel either the alleged assignor or assignee to commence such an action. While the statutes make no specific provision for the determination of a dispute as to the validity of an assignment, other than may be found in section 2743, they do abundantly provide for the speedy disposal of a disputed debt or claim, by a reference, by an action, or by the short statute of limitation.
Prior to the Code, a surrogate had no power to direct payment of any debt, legacy or distributive share, etc., to any one but the creditor, legatee or next of kin ; but now, by the provisions of section 2743, he may decree payment to. their assigns, according to the respective rights of the various persons, and. it is further provided that “ where the validity of a debt, claim, or distributive share is not disputed or has been established, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same.” The question here arises as to the power of the surrogate to try and determine an issue as to the validity of the alleged assignment, for if he cannot, how is he to decree to whom it is payable ? The “ debt ” or “claim ” referred to in this section, relates only to a debt or claim against the deceased, and which may be disputed by the executor or administrator (In re Underhill, supra; Matter of Strickland, 1 Connoly, 435). Thus far, therefore, the section in question does not expressly nor by implication deprive the surrogate of jurisdiction to try it. Nor is the validity of a distributive share (whatever that may mean) in question. The share is not in question, but the right to it is. How, then, can the surrogate obey the law by decreeing and determining to whom it is payable, *63 without first ascertaining whether the assignment is valid or not ?
And by the same section he is directed to determine all other questions than the validity of a disputed debt, claim or distributive share. This, it strikes me, is one of those “ other questions.” Suppose there is an undisputed debt or legacy which is claimed ' by an assignee, and the validity of the assignment is disputed by the creditor or legatee, can this court not—nay, must it not—try and decide the controversy in order to obey the statute in determining to whdm it is payable ? And again, suppose there is a legacy due to John Smith, and two persons of that name claim it, must not the surrogate hear and determine the controversy? And so, where there are two persons, each claiming to be the widow of the intestate, must he not settle the question ? Are not these direct powers, and are they not exercised in order to “ determine to whom it is payable," and is it not equally within his power to determine who is legally entitled to the share, by assignment or otherwise, in order that he may comply with that provision of the statute ? It will not do to say that such a power, in a case like this, was not intended to be conferred upon surrogates, because the relief sought is' exercised upon equitable principles, depending upon complicated facts and equities; for by section 2812, on the accounting of testamentary trustees, he is expressly authorized to try all such controversies; and so, on an accounting of executors dr administrators, he must try all questions involved, except where forbidden, that stand in the way of settlement and distribution of the estate among those entitled. And for this purpose he may construe will (Riggs v. Cragg, 89 N. Y. 479; s. c., 11 Abb. N. C. 401 ;), and that is clearly the exercise of an equitable power as incident to the power conferred by section 2743 (Matter of Verplanck, 91 N. Y. 439). And in the case of Riggs v. Cragg,the court recognized the power of the surrogate, when all parties were before him, to determine con *64 flicting claims to a legacy, and it follows that he must determine the like claim to a distributive share. I see no reason to change the views on this subject expressed by me in Strong v. Strong (3 Redf. 476), and in Du Bois v. Brown (1 Dem. 317), which last decision was affirmed by the general term of this department.
It has been intimated that this court has no more power to try the validity of an assignment than of a release, and as some of the courts have held that it has not the power to try the latter, it has none to try the former. There is some plausibility in this position. Still, there is this marked difference: A release is usually presented by the executor or administrator, purporting to have been executed to him by some one interested in the estate, and affects the amount of the balance alleged to be in his hands for distribution, while an assignment to another person does not. It is worthy of remark that most of the utterances in regard to the latter proposition appear to be based upon certain dicta of Judge Folger in the case of Bevan v. Cooper (72 N. Y. 317), which were obiter, and before the enactment of the section.of the Code in question, and of that conferring such power on the accounting • of trustees (In re Wagner, 119 N. Y. 28, also obiter; Sanders v. Soutter, 126 Id. 193). The court of appeals has thus held, tentatively, that it involves a range of judicial power, in its determination, that an inferior tribunal like this could not exercise, on an accounting of executors or administrators, while the Legislature declares that it can, on the accounting of testamentary trustees— it a curia, ita lex! Compare sections 2743 and 2812. The first declares that, where any part of the estate remains to be distributed to the creditors, etc., or their assigns, the décree must direct the payment and distribution thereof to the persons so entitled, according to their respective rights, and that if the validity of a debt, etc., is not disputed, or has been established, the decree must determine to whom it is payable, the sum to be paid, and *65 all other questions concerning the same. The latter provides, that on the judicial settlement of the account of a: testamentary trustee, a controversy which arises respecting the right of- a party to share in the fund or property, must be determined in the same manner as other issues are determined. Are not these provisions, except as to a disputed debt, etc., in legal effect, identical ? And the former section is declared applicable to proceedings under the latter with the exception noted by section 2811. It has been well said, and may be repeated in this connection, that the tendency of recent legislation is not to restrict, but rather to enlarge the powers of surrogates. While not craving to increase the burdens upon them by the exercise of doubtful powers, they should not hesitate, in the interests of justice, to employ those fairly within their reach. *
Seeing that there is no other mode of removing the obstruction thrown in the way of settling this estate by the raising of the questions as to the validity of the assignment, except by proceeding with its determination here, the ends of justice will be best subserved and the statute complied with if heard and disposed of by this court.
Note on-the Power of a Surrogate to Try and Determine Disputed Questions Involved in Settling Accounts and Decreeing Distribution.
There is an embarrassing conflict of opinion on this subject.
If we start with the proposition that the court has only-authority to, proceed as a court of common law, the necessary conclusion will be that it must recognize legal titles, and cannot recognize equitable titles nor equitable interests nor' exercise equitable remedies except after the equity has been established in a court of equitable jurisdiction.
Of course this conclusion will be subject to the qualification that specific powers given by statute are to be exercised, even though involving equitable rights or relief.
The general result as respects the claims of persons seeking to share in the estate is that, although equitable *66 considerations may under the above qualification be regarded in determining the rights as between themselves of parties having legal title, the court must usually, if not always, recognize the parties having legal title, and attempts to impeach such legal titles upon equitable grounds must be left to litigation in other courts.
Two special questions are worthy of notice in the application of this principle :
1. A deed given as collateral security, even though it be absolute on its face, does not now give the legal title (Barry v. Hamburg Ins. Co., 110 N. Y. 1). Does this rule apply in the surrogate’s courts ?
2. Fraud in inducing the execution of an instrument (as distinguished from fraud in inducing the agreement of minds) has always been a ground for treating the instrument as void at common law (Jackson v. Hills, 8 Cow. 290, and cases cited). Does this rule apply in the surrogate’s courts ?

Notes of Cases.

1. Under the R. S. McNulty v. Hurd, 72 N. Y. 518. (1878.) A judgment against a deceased person, even if disputed by- executors, etc., need not be sued over in order to authorize a decree for its payment by the surrogate; and in order to make such a decree, the surrogate necessarily has power to determine the amount due upon the judgment, and to whom it belongs.
The Court say: “ Beyond this the surrogate has no jurisdiction to try and determine questions in respect to the validity of judgments. There may be grounds for setting aside judgments, as if obtained by fraud, or where there has been an accord or satisfaction ; and there may be other grounds for relief such as a set-off and the like, or the estate of the deceased may be entitled in equity to a release or discharge either in whole or in part from the judgment, and as to all these I can find no warrant in the statute for the exercise of jurisdiction by the surrogate to adjudicate them.”
{Note.—Here the judgment being a debt established at law, was regarded as conclusive on the surrogate, and the remedy of the estate was to proceed to impeach it in another court. When the court say the surrogate may determine who is the owner of the judgment, they must be understood to mean who has the legal or apparent title. An assignment valid on its face would, therefore, be conclusive.]
2. The surrogate has no jurisdiction to determine the validity of debts or claims against the estate disputed by the accounting *67 party. Tucker v. Tucker, 4 Abb. Ct. App. Dec. 428 ; Bevan v. Cooper, 72 N. Y. 317; rev’g 7 Hun, 117.
[Note.—In Tucker v. Tucker the ruling was that the surrogate’s trial and disallowance of a claim made by a creditor and disputed by the administrators, was beyond his jurisdiction, and not valid even as an arbitration; and therefore was no bar to a further prosecution of the claim. In Bevan v. Cooper we see that this means that the surrogate could not allow it. Apparent legal sufficiency would not enable him to do so unless it had been put in judgment, in which case under McNulty v. Hurd he must allow it, and could not try equitable defences.]
3. Stilwell v. Carpenter, 2 Abb. N. C. 238; [mod’f’g 59 N. Y. 414; which rev’d 1 Supm. Ct. (T. & C.) 615], held that the surrogate, on an accounting by an executrix, must recognize a judgment against the decedent, as belonging to one holding the legal title under an assignment; and could not inquire into a contention that the assignee held only as trustee for one indebted to the estate against whom the estate had a right of set-off.
4. Statute as to general power of the surrogate. Code Civ. Pro. §2481,subd. 11, provides that a surrogate has power “with respect to any matter not expressly provided for in the foregoing subdivisions of this section to proceed in all matters subject to the cognizance of his court, according to the course and practice of a court having by the common law, jurisdiction of such matter except as otherwise prescribed by statute; and to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred.”
A similar provision was contained in the statute of 1787. (2 Laws of N. Y. Jones Varick, ed. 71).
Daly, J., in Bricks’ Estate, 15 Abb. Pr. 12, 34, in commenting on this statute says : " The tribunal, however, whose powers and modes of procedure approached most nearly to the courts held by our stírrogate when this act was passed in 1787, and to which it is manifest the powers of this statute meant to refer, were the courts held in each diocese by the commissary or surrogate of the bishop and the more general tribunal held by the ordinary of the Archbishop of Canterbury, known as the prerogative court.”
[As to jurisdiction of the ecclesiastical courts of England, see 3 Blackst. Com. 67; Tomlin’s Law Dic., “Courts”; Paff v. Kinney, 1 Bradf. 4.]
In 1813 the laws relating to surrogates or to courts of probate were incorporated into one general act.
By the act passed in 1823 the court of probate was abolished. Its appellative jurisdiction on appeal from surrogates was trans *68 ferred to the court of chancery, and whatever other jurisdiction it possessed was by this act vested in that court.
In the year 1787 by 2 Laws of N. Y. (Jones & Varick, ed. 71) the probate court was empowered to call not only administrators but executors to account, which was an important change, as before that time probate or ecclesiastical courts had no power either by common law or by statute to compel executors to account.
See Bricks’ Estate, 15 Abb. Pr. 12, 29. [Citing Sparrow v. Norfolk, Noys R. 28 ; Gibson’s Codex, 466, 478.]
5. Question: what are assets ? Matter of George, 23 Abb. N. C. 43 ; s. c., 3 N. Y. Supp. 426 ; 21 State Rep .128. The surrogate has jurisdiction to determine whether certain property belongs to the estate or had been given by the decedent in her lifetime to the accounting executrix.
6. In re Curtis, 16 N. Y. Supp. 180. The surrogate has no jurisdiction over an executor with respect to property of which, as executor, he had no right to take possession.
7. Estate of Eisner, 22 State Rep. 349; s. c., 5 N. Y. Supp. 30. The surrogate has jurisdiction to determine the validity of a claim against an executor for his indebtedness to testator, for' by the statute 3 R. S. 7 ed. 2296 it is assets in his hands.
8. Contest raised by distributee. Matter of Strickland’s Estate, 22 State Ref. 901; s. c., 5 N. Y. Supp. 851. Upon an accounting by an administrator, a distributee may contest the account because of a claim allowed by the administrator, and the surrogate may thus be called upon to determine the validity of the claim notwithstanding Code Civ. Pro. § 2743; since the “ disputed claim ” mentioned in that section has reference only to a claim disputed by the administrator.
9. No equitable fower to cancel or set aside. Matter of Wagner, 119 N. Y. 28; s. c., 28 State Rep. 266; aff’g 53 Hun, 23. It seems, where, upon equitable grounds, the factum of a release, settlement out of court, or other matter in bar is put in issue when set up in answer to an application to the surrogate for an order to compel an executor to account, the surrogate should dismiss the proceedings and remit the applicant to his proceeding in a court having general equity powers. The court say: “ The surrogate’s powers and duties are prescribed by the Code provisions, and his jurisdiction is special, and limited to the subjects described by the statute. That general jurisdiction which comprehends such a power as to nui.iiy and set aside the deeds of parties for fraud is not compre *69 hended in the express grant of powers, nor is it incidental to the particular authority conferred. The procedure in the surrogate’s courts formerly followed the course of the common law, and now is governed by a system created by the provisions of the Code of Civil Procedure. Neither before did they possess, nor do they now possess, the general powers of a court of equity. [Citing Bevan v. Cooper, 72 N. Y. 317 ; Stilwell v. Carpenter, 59 Id. 414.]
[Note.—It is here held in effect that if the apparent legal right of the claimant is barred by an apparently legal release or other settlement, the surrogate is bound by this bar, and must leave the claiip- . ant to get rid of such bar by proceedings in equity.]
10. Matter of Brown, 3 Civ. Pro. R. 39 ; s. c. as Fraenznick v. Millar, 1 Dem. 136. (N. Y. Sur. Ct., 1883). Whenever one as next of kin or legatee claims, upon a final accounting, a share in the decedent’s estate and the accounting party disputes his claim and interposes against it a release or assignment which is assailed by its maker as invalid and ineffectual by reason of fraud, a contingency has arisen which requires the surrogate, in obedience to § 2743, to hold in abeyance his decree of distribution so far, at least, as concerns that interest in the estate to which such assignment or release relates until the rights of the parties can' be determined in another forum.
[The opinion in the above case is modified in Tappen v. M. E. Church, 3 Dem. 187 ; s. c., as Matter of York, 6 Civ. Pro. R. 245.]
11. Estate of Sistare, 27 Abb. N. C. 34. (N. Y. Sur. Ct., 1891.) The surrogate’s court has no jurisdiction to determine whether an assignment by a beneficiary in a trust estate is fraudulent as to his creditors; and therefore, a petition, by a receiver appointed in supplementary proceedings against the beneficiary, for an accounting by the trustee, will be dismissed where it appears that the beneficiary had made an otherwise valid assignment of his interest before the receiver had obtained title to it.
12. Woodruff v. Woodruff, 3 Dem. 505. (Orange Co. Sur. Ct., 1885.) Application for removal of an administrator for misconduct. The petition alleged that the administrator had procured an assignment from the petitioner (widow of deceased) by fraud. Held, the surrogate’s court had not jurisdiction to determine the validity of the assignment, and that the petition must be dismissed.
13. In re Rogers Estate, 16 N. Y. Supp. 197. (Westchester Sur. Ct., 1891). Under Code Civ. Pro. § 2812 (which gives, it seems, more extensive jurisdiction to the surrogate in the case of an accounting by trustees than of an accounting by executors, etc.), the surrogate *70 has jurisdiction to determine the validity of an assignment of a beneficiary’s interest.
. 14. Question necessary to distribution. Matter of Read, 2 State Rep. 339. (Gen. T., 5th Dept., 1886). Upon the petition by one of the next of kin for an accounting, the administrator filed an answer setting up a release, the validity of which the petitioner impeached for fraud. Held, that the surrogate had power to determine the validity of the release, not for the purpose of refusing to order an accounting, but after accounting, for the purpose of determining the right to payment. The court say : “ If questions'of this'character cannot be tried in surrogate’s courts, when an issue is raised on such questions, then it deprives the surrogate’s court of the power to order an administrator or executor to render an account. The jurisdiction conferred by statute is very broad and the intention was to confer on that tribunal the power to order distribution among the next of kin of the decedent. All incidental issues necessary to determine how the account should be made and stated, and to whom it should be paid, may be investigated and tried by the surrogate.”
S. P. Reilley v. Duffy, 4 Dem. 366. (N. Y. Sur. Ct., 1886).
[Note—In Matter of Read the alleged fraud wa? in procuring signature of the release, a fraud which would render it void at common law.]
15. Exclusive jurisdiction of courts of equity. Sanders w. Soutter, 126 N. Y. 193; s. c., 37 State Rep. 1; revg. in part, 36 Id. 824. Action to set aside a release and for an accounting by an executor. Held (overruling demurrer to complaint), that a surrogate’s court has no power to annul or set aside on the ground of fraud a release executed by parties interested in an estate to the executors thereof. Such relief can only be obtained from a court having equity powers.
16. Van Sinderen v. Lawrence, 50 Hun, 272 ; s. c., 20 State Rep. 72,76; 3 N. Y. Supp., 25. On the settlement of an account of a testamentary trustee, the surrogate refused to decide as to the validity of a release given the trustee by one objectingto the account. The trustee thereupon brought an action to establish the release, and to enjoin proceedings before the surrogate until its validity was determined. On demurrer, held, the surrogate had no jurisdiction over the controversy concerning the release and that the action was properly brought.
17. Surrogate no equitable power to decree restitution. Matter of Underhill, 117 N. Y. 471 ; s. c., 27 State Rep. 720. Upon a final accounting of an executor, the surrogate has not power where it is *71 found that there has been an overpayment to a legatee, to render an affirmative judgment for the excess in favor of the executor.
s. p. Matter of Keef, 6 State Rep. 587 ; s. c., 43 Hun, 98.
18. The will and its validity. Giles’ Estate, 11 Abb. N. C. 57. (N. Y. Surrogate's Court, 1882). A claim that testator had, by a contract, precluded himself from making an effective testamentary disposition such as that contained in the will, unless manifestly devoid of seriousness and substance, raises a controversy of which the surrogate has no jurisdiction.
19. Du Bois v. Brown, 1 Dem. 317. (Westchester Co. Sur. Ct., 1882). Upon an executor’s accounting, the next of kia claimed that a provision in the will in favor of the executor was void by statute, and that they were entitled to their several distributive shares of the amount of the bequest. Held, that the surrogate had jurisdiction to determine such question ; and that the words “ distributive share ” must be deemed to.have been inadvertently inserted in Code Civ. Pro. § 2743, providing that where upon an accounting the validity of a debt, claim or distributive share is not disputed or has been established, the decree must determine to whom it is payable, etc., since it is impossible to dispute the validity of a distributive share, there being nothing to dispute but th"e statute of distributions.
20. Matter of Pearson, 21 State Rep. 128; s. c., as Matter of George, 23 Abb. N. C. 43; 3 N. Y. Supp. 426. A surrogate has jurisdiction to determine the validity of a trust contained in a will where, without such determination, the amount of the distributive share of each of the next of kin could not be fixed.
21. Its construction. Accounting of Verplanck, 91 N. Y. 439. Asan incident toa surrogate’s jurisdiction to settle the accounts of executors and decree distribution of the estate remaining in their hands to persons entitled, according to their respective rights, a surrogate has jurisdiction to construe a will so far as is necessary to determine to whom the legacies shall be paid.
s. p. Purdy v. Hayt, 92 N. Y. 446 ; Riggs v. Cragg, 89 Id. 479 ; Garlock v. Vandevort, 128 Id. 374.
22. Or who entitled under it. Tappen v. M. E. Church, 3 Dem 187 ; s. c., as Matter of York, 6 Civ. Pro. R. 245. (N. Y. Sur. Ct.,. 1884). A will bequeathed $500 to the trustees of the S. A. Church . “ towards paying off the debt of the church,” and $500 to the managers of the M. C. Mission. Held, on accounting by the executor, the surrogate had jurisdiction to determine whether the church was entitled to take, (it being objected that it was not in debt), and *72 whether there was a person or institution bearing the name of the M. C. Mission.
23. Legitimacy. Matter of Laramie, 24 State Rep., 702 ; s. c., 6 N. Y. Supp. 175. Upon the settlement of an administrator’s account, held, that the surrogate’s court could determine a question of legitimacy in order to determine who were the proper distributees.
24. Trustee ex maleficio. Matter of Keleman, 126 N. Y. 73; s. c., 36 State Rep. 390; aff’g 11 N. Y. Supp. 139. Where, upon probate of a will, no question as to its validity is raised, but an issue is presented, as -authorized by Code Civ. Pro., § 2624, for the determination of the surrogate as to “ the construction, validity and effect” of a disposition of personal property therein contained, extrinsic parol evidence as to circumstances under which the will was executed is incompetent, nor is such evidence admissible to establish a trust ex maleficio, as of such questions a surrogate’s court has no jurisdiction.
25. Equities of infant. Hyland v. Baxter, 98 N. Y. 610. A surrogate on settlement of the accounts of an administrator who had made advances for the support and maintenance of minors entitled to a share in the estate, for whom no guardian had been appointed, has jurisdiction to determine the equities between the parties. So held as to an accounting before surrogate under the revised statutes.
26. Income retained to meet disputed debt. Rudd v. Rudd, 4 Dem. 335. Upon the settlement of executors’ accounts, the surrogate refused to direct them to pay over the income of a legacy held by them in trust, which they had retained because of an alleged indebtedness of the beneficiary to the deceased, (the indebtedness being disputed as well as the surplus income), on the ground that the surrogate’s court did not have jurisdiction over the controversy.
27. Share retained to meet disputed debt. Kintz v. Friday, 4 Dem. 540. Upon an accounting by administrator, the surrogate has not jurisdiction to determine whether a disputed debt alleged to be due from one of the next of kin to the intestate should be deducted from her distributive share in the estate.
28. Set-off. Estate of Jones, 10 State Rep. 176; s.c., 5 Dem. 499. Upon an accounting by a testamentary trustee, the surrogate has not jurisdiction to adjust mutual demands existing between the beneficiary and trustee that might be a subject of set-off in a court of general jurisdiction.
*73 29. Matter of Colwell, 15 State Rep. 742. (N. Y. Sur. Ct., 1888). A debt due testator from a legatee is pro ta7ito a satisfaction of the legacy. Upon the judicial settlement of an executor’s account held, therefore, that a provision should be inserted in the decree for the reservation of the funds otherwise distributable to the assignee of the legatee, who was claimed to be indebted to the testator, leaving it to such assignee to appeal to another tribunal to settle the dispute as to the indebtedness.
s. p. Van Valkenburg v. Lasher, 53 Hun, 594; s. c., 25 State Rep. 291 ; 6 N. Y. Supp. 775.
30. Deduction directed by will. Foulks v. Foulks, 32 State Rep. 1038; s. c., 10 N. Y. Supp. 785. Where by the terms of a will any advances to a legatee were to be deducted, held, that the surrogate’s court had jurisdiction to determine whether advances had been made.
31. Advancements and ademptions. People ex rel Morgan v. Rollins, 33 Hun, 47. Mandamus issued to compel a surrogate to decide on the settlement of an executor's account, whether gifts of certain stock by testator were advancements delivered in ademption of legacies, notwithstanding the pendency of an action in the supreme court to set aside the gift because of fraud and undue influence.
32. Directing actions. Lichtenberg v. Herdtfelder, 103 N. Y. 302. It seems that it is the duty of executors to reclaim for the benefit of creditors land fraudulently conveyed by testator; (L. 1858 ch. 314) and if the executors refuse to commence an action for such purpose at the request of the creditors they may be compelled to do so by an order of a surrogate who has ample power to that end under the incidental powers conferred on surrogates by Code Civ. Pro.§ 2481. See note on this duty in 22 Abb. N. C. 327.
33. Matter of Underhill, 117 N. Y. 471, 478 ; s. c., 27 State Rep. 720; aff’g 25 Id. 684. It seems that the surrogate by virtue of his 'power to direct and control the conduct of executors, may direct an executor to recover back an overpayment to a legatee, by a common law action.

 Code Civ. Pro. § 2743 is as follows: “ Where an account is judicially settled as prescribed in this article and any part of the estate remains and is ready to be distributed to the cred itor’s legatees, next of kin, husband or wife of the decedent or their assigns, the decree must direct the payment and distribution thereof to the persons so entitled, according to their respective rights. If any person who is a necessary party for that purpose, has not been cited or has not appeared, a supplemental citation must be issued as prescribed in § 2727 of this act. Where the. validity of a debt, claim or distributive share is not disputed, or has been established, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same. With respect to the matters enumerated in this section, the decree is conclusive upon each party to the special proceeding, who was duly cited or appeared, and upon every person deriving title from such party.”