In the Matter of the Accounting of PHILIP R. UNDERHILL, as Executor, etc.

A surrogate can exercise only such jurisdiction as has been specially conferred by statute, together with those incidental powers which may be requisite to effectually carry out the jurisdiction actually granted.

While a surrogate, upon the final accounting of an executor, has power to determine as to the validity of a debt, claim or distributive share of the estate, if not disputed, or which, if disputed, has been established (Code Civ. Pro. § 2743), and his decree is conclusive upon each party to the proceeding, who was duly cited or appeared, and upon every one deriving title from such party, and he can enforce the payment of debts and legacies by the executor (§ 2472); this does not give him power, in case it is found there has been an over-payment to a legatee, to render an affirmative judgment for the excess in favor of the executor against the legatee.

The debt or claim, as to which the decree is conclusive, is one due from the estate, not one from a third person to the executor, and the surrogate has no jurisdiction to decree payment of such a debt.

The amount of the distributive share due any person must be determined; and, therefore, it is open to investigate, not alone the original amount, but also what payments have been made thereon.

When it is determined that an over-payment has been made by the executor, in legal contemplation, the excess is in his hands.

It seems where part of a payment to a legatee has been disallowed upon investigation by the surrogate because it was an over-payment and when the legatee was a party to the accounting, the fact thus found should be conclusive in any further litigation between the executor and legatee in which it comes in question.

It seems, also, the surrogate by virtue of his power to direct and control the conduct of executors, could direct the collection of the debt from the legatee by action

In re Morgan (99 N. Y. 145); Hyland v. Baxter (98 id 610) distinguished.

Where a surrogate incorporated in a decree upon such an accounting a judgment against a legatee for a sum adjudged to have been over-paid him, held that the surrogate could not acquire jurisdiction to render the

judgment by formally making it part of a decree he had power to make; nor did he thereby change the essential character of the separate judgment; and that the legatee was not confined to an appeal but the judgment could be set aside by the surrogate on motion.

(Submitted November 25, 1889; decided December 10, 1889.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made the second Monday of May, 1889, which affirmed an order of the Surrogate's Court of Westchester county, vacating so much of a former decree of that court rendered upon the final accounting of Philip B. Underhill, executor of the will of Elizabeth R. Underhill, deceased, as gave judgment that said Underhill have and recover from a legatee named an amount found to have been over-paid him by said executor.

*A. R. Dyett* for appellant. The Surrogate's Court can administer the remedy in the same proceeding by the proper decree. (Code Civ. Pro. §§ 2, 2481, subd. 6, 2492, subds. 3, 4, 6.) Courts of equity possess jurisdiction concurrent with the Surrogates' Courts to compel executors and administrators to account. (*Wood* v. *Brown*, 34 N. Y. 337, 345; *Chipman* v. *Montgomery*, 63 id. 221; Code Civ. Pro. §§ 2472 [subds. 4, 6], 2802, 2803, 2807; *In re Morgan*, 99 N. Y. 145; *Hyland* v. *Baxter*, 98 id. 610; *Haight* v. *Brisbin*, 100 id. 222.) Assuming that the Surrogate's Court had no power in this proceeding to make that part of the decree which was vacated by the order appealed from, the only result is that to that extent the decree was erroneous, and, the only remedy of the respondent was by appeal from that part of the decree. (*People* v. *Sturtevant*, 9 N. Y. 263, 266, 267; *Lange* v. *Benedict*, 73 id. 12; Code Civ. Pro. § 2481, subd. 6; Seton on Decrees [Heard's ed.] 15; 2 Daniell's Ch. Pl. and Pr. [3d Am. ed.] 1450, 1453; *Fisher* v. *Hepburn*, 48 N. Y. 41, 52, 53, 56; *Schaetler* v. *Gardiner*, 47 id. 404; *Dana* v. *Howe*, 13 id. 306, 308; *Hunt* v. *Hunt*, 72 id. 228, 229, 230: *Bangs* v. *Duckenfield*, 18 id. 595, 596; *C. C. Bank* v. *Judson*, 8 id. 259; *Elliott* v. *Peterel*, 1 Pet. 328, 340; *State of Rhode*

*Island* v. *State of Massachusetts*, 12 id. 717; *Cromwell* v. *Halt*, 97 N. Y. 212; *Blakely* v. *Calder*, 15 id. 617; *Howell* v. *Mills*, 56 id. 226, 229; *Sullivan* v. *Sullivan*, 66 id. 40; *Jenkins* v. *Fahe*, 73 id. 355.)

*Alexander Thain* for respondent. The Surrogate's Court was without jurisdiction to award the judgment. (*Montgomery's Appeal*, 92 Pa. St. 206; *Miller* v. *Hulme*, 17 At. Rep. 587; *Jones* v. *Reed*, 1 Johns. Cas. 20; *Cleveland* v. *Whitin*, 31 Barb. 544; *Way* v. *Carey*, 1 Cai. 191; *Wells* v. *Newkirk*, 1 Johns. Cas. 228.) The motion was properly granted. (*Bissell* v. *N. Y. C. & H. R. R. R. Co.*, 67 Barb. 385; *Ladd* v. *Stephenson*, 20 N. Y. S. R. 746, 749; 112 N. Y. 325; *Vreedenburgh* v. *Calf*, 9 Paige, 128.) The surrogate being without any jurisdiction to award the judgment sought to be relieved against, the party complaining is not put to it to satisfy the court that the judgment was the result of mistake, inadvertence, surprise or excusable neglect. (*Simonson* v. *Blake*, 20 How. 484; 12 Abb. 331; *Simpson* v. *McKey*, 3 T. & C. 65; *Baldwin* v. *Kimmel*, 16 Abb. 353; 1 Rob. 109.) The Surrogate's Court never acquired jurisdiction over either Mr. Underhill or Mrs. Guion in respect to any proceeding other than such as related to the estate. (*Tucker* v. *Tucker*, 4 Abb. Ct. App. Dec. 428, 431, 432; *Germond* v. *People*, 1 Hill, 343–346.) While consent may waive error, it cannot confer jurisdiction. (*Dakin* v. *Demming*, 9 Paige, 95; *Coffin* v. *Tracy*, 3 Cai. Rep. 129; *Germond* v. *People*, 1 Hill, 343; *Dudley* v. *Mayhew*, 3 N. Y. 9; *People* v. *Marine Ct.*, 3 Abb. Pr. 309; *Miller* v. *Hulme*, 17 At. Rep. 587.) Laches will not confer jurisdiction. (*Titus* v. *Relyea*, 8 Abb. Pr. 177.)

PECKHAM, J. The order in this matter must be affirmed. The original proceeding was one for the judicial settlement of the account of the executor before the surrogate. This officer can exercise only such jurisdiction as has been specially conferred by statute, together with those incidental powers

which may be requisite to effectually carry out the jurisdiction actually granted. (*Riggs* v. *Cragg*, 89 N. Y. 489, and cases there cited.)

The Code of Civil Procedure now regulates an accounting by executors or administrators, although its provisions are mainly a transcript from the Revised Statutes upon the subject, as amended or enlarged by particular statutes passed since their adoption.

The decree upon an accounting of this nature is conclusive upon each party to the proceeding who was duly cited or appeared, and upon every person deriving title from such party as to the validity of a debt, claim or distributive share of the estate, if not disputed, or where, if disputed, it has been established. (Code of Civ. Pro. § 2743.)

It is claimed that in establishing the validity of a debt, claim or distributive share, if disputed, the surrogate must have power to determine not alone the existence thereof, but that he can also decree its payment, and that hence he had in this case jurisdiction to enter the decree providing for the repayment to the executor by the legatee of the amount which the executor had overpaid him. I do not think such a result follows. It is to be remembered that it is the executor who is rendering his account, and that all those who are cited as interested in such accounting are cited because of such interest, and to that extent are parties thereto, and are bound by all that is properly decided thereon. But it is as parties to the accounting that they are before the court, and they are not in any sense parties to a proceeding to enforce the collection of an alleged debt existing in favor of an executor against a person who is thus cited, because the proceeding is in no sense of such a nature. The claim that the executor makes of an alleged overpayment by him to a legatee, is a matter, so far as a recovery thereof by the executor is concerned, between him and such legatee. In his accounting the executor charges himself with all the assets of the estate which he has received, and credits himself with the payment of such items as he thinks are chargeable to the estate. In deciding upon the

allowance of such items the question determined is whether they are or are not proper charges against the estate; and unless the estate were liable to pay any particular item, it. should not be allowed, notwithstanding the payment had been made by the executor.

The debt or claim, which is spoken of in the above section as undisputed, or if disputed, established, is one due from the estate and not from a third person to the executor, and the decree determines to whom the debt is payable, the amount thereof and all other questions concerning the same. The decree also determines as to the validity of a distributive share of the estate. The amount of the distributive share due any particular person must be determined by this decree, and, therefore, it is open to investigate not alone the original amount of such share, but also what payments have been made upon such original amount in order that a final decree may be made for distribution and of the amount thereof to each person entitled to any share. An overpayment made by the executor to any person entitled to a distributive share does not in any way diminish the amount of the estate which the law says is in the executors' hands for distribution. The law does not recognize any such overpayment, and does not, therefore, permit the executor to credit himself with the amount of the excess. In legal contemplation the sum is in the hands of the executor as assets of the estate which he must pay over to the parties entitled thereto.

An affirmative judgment in favor of the executor against the person to whom he made the overpayment, to recover such excess, is a totally distinct matter, and is not embraced in the subject-matter of the accounting. There is no machinery provided in the Surrogate's Court to enforce such a judgment.

The decree is one in which the directions are for the executor. It directs *him* to pay and distribute the amount of the estate found in his hands to the persons entitled according to their respective rights, and the surrogate can enforce obedience to such decree against the executor.

The statute is silent as to any directions to be given third

parties to pay debts they owe the executor so that he can collect in the estate and distribute it. I think it was not intended to provide any such mode for the collection of debts due the estate. It is claimed that under section 2472 of the Code the surrogate had this jurisdiction, particularly under subdivisions 3, 4 and 6 thereof. Subdivision 3 gives him power to direct and control the conduct and settle the accounts of executors, etc. Nothing is therein stated as to the scope of such settlement or the character of such accounting.

An accounting is provided for in the succeeding sections of the Code, and the settlement of the accounts is made by the decree, and the effect of the decree therein is declared by the section already discussed. Subdivision 4 gives him power to enforce the payments of debts and legacies. This does not mean a power to enforce payment of an ordinary debt due to the executor from a third party. No one has supposed it was intended by this subdivision to invest the surrogate with jurisdiction as a common-law tribunal to enforce the collection of debts due the estate or the executor. It had reference more to the enforcement of payment of a debt due from the estate. The same power to enforce payment by the executor of a legacy is given in the same subdivision and as part of the same sentence. It, at all events, does not include such a case as this. The sixth subdivision gives him power to administer justice in all matters relating to the affairs of decedents according to the provisions of the statutes relating thereto.

What the jurisdiction is that is conferred upon the surrogate must be determined by reference to the particular statutes themselves. The subdivision in question confers no additional power or jurisdiction upon him, but it enjoins upon him the duty of so exercising the powers conferred upon him by the provisions of the statutes that justice shall be administered.

It is said that it would result in an unnecessary amount of litigation to hold that the surrogate has not the power contended for, as, in such case, the executor must sue the legatee and go into another accounting for the purpose of showing the overpayment, or, if the decision of the surrogate, as to the

amount, should be regarded as *res adjudicata*, then it would be a case of an action at law to recover back an excess of payment, the amount of which was already conclusively established by the surrogate's decree, and, therefore, a party ought not to be denied a remedy over at once against the legatee by the recovery of an affirmative judgment against such legatee in the proceeding for an accounting by the executor. The argument, from the convenience of the remedy, might well be addressed to the legislature. The only question for us is, whether such a remedy has been given. The surrogate determines the validity of the payments made by the executor as between him and the estate, and, after such determination, the amount of the estate for purposes of distribution is also determined. That amount is, of course, enhanced by disallowing any payment alleged to have been made by the executor on account of the estate, and where any part of such payments has been disallowed upon investigation by the surrogate, because such part was an overpayment, and when the legatee is a party to the accounting, it may, perhaps, be that the fact thus found should be conclusive in any further litigation between the executor and legatee where it would come in question.

The surrogate has jurisdiction to determine the amount of these payments to the legatee, which the executor shall have credit for, because upon the determination of that fact may depend the question of the amount of assets with which the executor is to be charged for the purpose of decreeing distribution thereof. But because the surrogate has power to determine this fact, it does not at all follow that he must, therefore, have power to give judgment for the recovery by the executor from the legatee of the amount of the excess paid him by such executor. The power to decide the fact as to the payment springs from the power of the surrogate over the accounts of the executor, and his power to allow the legal and disallow the illegal payments which the executor may have made, and which he claims in his account. Having this power, it may well be that all facts necessarily determined by the surrogate, and which are material in the course of the

investigation which the surrogate may properly make, should be regarded as conclusively established by the decree which he makes in regard thereto. But it is plain that a power to compel a legatee to repay to the executor the amount which it is determined he owes such executor, is totally different from a determination of the fact of such indebtedness as a mere incident to the stating of the account of the executor. This power to give judgment and award execution for the collection of the money paid to the legatee in excess of the legacy I do not find bestowed upon the surrogate, and it is of such a nature that, without some language bestowing it upon this tribunal of peculiar and limited jurisdiction, it would not otherwise possess it. The surrogate, by virtue of his power to direct and control the conduct of executors, could, as I think, direct the executor to enforce the collection of the debt from the legatee by a common-law action. It would unquestionably be convenient for the surrogate to possess the jurisdiction as argued by the appellant, because in case of the insolvency of the executor, and hence his inability to put back into the funds of the estate the amount which he had overpaid the legatee, the judgment and the execution thereon might be at once entered and issued against the legatee by direction of the surrogate, without further litigation. But it does not seem to us that the jurisdiction has been given. The case of *In re Accounting of Morgan* (99 N. Y. 145) is cited as an authority in favor of the existence of such jurisdiction. That case was decided upon the very broad and general nature of the jurisdiction granted the County Court under the general assignment act of 1877. The court, by virtue of the provisions of that act and in relation to the subject-matter thereof, was a court of general jurisdiction to do all and every act relating to the assigned estate, the assignees, assignors and creditors, and, after the filing or recording of the assignment, the court was to exercise the power of a court of equity in reference to the trust and any matters involved therein. Upon such broad and sweeping language as this it was held that upon a petition of a creditor entitled to the fund, and

upon notice to the creditor who had received it, an order might be made by the court directing the receiving creditor to return to the assignee the amount received by him, so that the assignee might pay it over .to the creditor entitled thereto.   The point was regarded as one of some difficulty notwithstanding the generality of such language. The case of *Hyland* v. *Baxter* (98 N. Y. 610), is not in point. There the administrator had made certain advances for the support of the infants who were next of kin of the intestate, and upon his accounting it was held that the surrogate had power to determine upon equitable principles a claim for such advances made by the administrator, and that an allowance was proper where the expenditure would have been authorized by the court had application been made in advance.   The surrogate could do on final accounting what he might have done before if application had been made, viz., authorize the expenditure of a certain sum from the estate for the support and maintenance of the infants. . This power it would seem necessarily followed from the jurisdiction of the surrogate over the accounting of the administrator, for he must on such accounting determine the question whether those expenditures were properly made, and hence whether the administrator was entitled to credit for them.

It is, however, urged by the appellants that if there were no jurisdiction to incorporate in the decree the provision which the surrogate has set aside, such provision was but part of a decree upon a subject-matter over which he had full jurisdiction; and that any mistake made in any of its parts was an error reviewable on appeal, but the whole decree must stand as it was entered until a reversal thereof or a part of it on such appeal.

This is not such a case.   It is an affirmative, special and separate judgment, although in form contained in the general decree.   And it is a judgment which the surrogate was, as we have seen, wholly without any jurisdiction to enter.   He cannot obtain jurisdiction to enter it by formally making it a part of a decree which he has authority to make, nor does he by

such a movement change its essential character of a separate judgment liable to be set aside on motion as was done in this case.

We see no error in the disposition of the case made by the courts below, and their orders should be affirmed, with costs.

All concur.

Order affirmed.