## *In re* SISTARE'S ESTATE.

### (*Surrogate's Court, New York County.*   May, 1891.)

**1. SUPPLEMENTARY PROCEEDINGS—TITLE OF RECEIVER—SERVICE OF ORDER.**

In supplementary proceedings to the application of the receiver of a judgment debtor for an accounting by a testamentary trustee the trustee answered that, prior to the appointment of the receiver, the judgment debtor had assigned all his interest in the estate of decedent; that no order in the supplementary proceeding was ever served on the judgment debtor, and that he was not examined under such an order; that not until long after the assignment by the judgment debtor was an order made for the examination of the trustee in the supplementary proceedings. *Held,* that the answer was a complete defense under Code Civil Proc. N. Y. §§ 2468, 2469, providing that the property of the judgment debtor vests in the receiver from the filing of the order appointing him, and his title to personal property only extends back by relation for the benefit of the judgment creditor (1) where an order requiring the judgment creditor to attend and be examined, or a warrant requiring the sheriff to arrest him and bring him before the judge, had been served before appointment of the receiver; or (2) where an order has been made requiring a person to attend and be examined concerning property belonging to the judgment debtor; or (3) where notice of the application for the appointment of the receiver was given to the judgment debtor.

**2. SAME—ASSIGNMENT BY JUDGMENT DEBTOR.**

The validity of an assignment by a judgment debtor cannot be attacked in the surrogate's court in supplementary proceedings by the receiver of the judgment debtor.

Application by Job E. Hedges, receiver of the property of George K. Sistare, a judgment debtor, for an accounting by William H. M. Sistare, trustee under the will of George K. Sistare, deceased, by which the judgment debtor was made a beneficiary.

*William Erdman.* for receiver.   *Henry S. Bennett,* for trustee.

RANSOM, S.   A judgment was recovered against George K. Sistare, a beneficiary under the will of decedent, on or about April 3, 1890, in the superior court of the city of New York.   The judgment roll was filed in the office of the clerk of that court on the 3d day of April, 1890, and a transcript thereof was duly filed, and the judgment duly docketed in the county clerk's office on April 3, 1890.   Thereafter an execution on said judgment against the property of the judgment debtor was, on April 3, 1890, duly issued to the sheriff of the city and county of New York, and was returned wholly unsatisfied, and the judgment remains wholly unpaid,   Thereafter an order was duly made and entered for the examination of William H. M. Sistare as the third person in the supplementary proceedings duly instituted against the judgment debtor, and such proceedings were had that a receiver of all the property of the judgment debtor was appointed by an order dated June 18, 1890.   The receiver seeks to compel an accounting of the testamentary trustee under the will of the decedent.   The answer to the application is that on the 29th day of April, 1890, George K. Sistare, the judgment debtor, by an instrument duly made, executed, and delivered, and for value, assigned all of his interest in the estate of decedent, and that the said judgment debtor had no interest in the estate at the time of the proceeding which resulted in the appointment of a receiver.   It is further alleged that no order in the supplementary proceeding upon said judgment was ever served upon the judgment debtor, and that he was never examined under such order.   As a further defense the testamentary trustee alleges that not until the month of June, 1890, was an order made for his examination as the third person in the supplementary proceedings.   Section 2468, Code Civil Proc., provides that the property of the judgment debtor is vested in the receiver, who has duly qualified, from the time of filing the order appointing him;   * * *   and that his title to personal property only extends back by relation for the benefit of the judgment creditor in the following cases, (section 2469:)   (1) Where an order requiring the judgment debtor to attend and be examined, or a warrant requiring

the sheriff to arrest him and bring him before the judge, has been served before the appointment of the receiver or the extension of the receivership, the receiver's title extends back so as to include the personal property of the judgment debtor at the time of the service of the order or warrant. (2) Where an order or warrant has not been served as specified in the foregoing subdivision, but an order has been made requiring a person to attend and be examined concerning property belonging, or a debt due, to the judgment debtor, the receiver's title extends to the personal property belonging to the judgment debtor which was in the hands or under the control of the person or corporation thus required to attend at the time of the service of the order, and to a debt then due to him from that person or corporation. (3) In every other case, where notice of the application for the appointment of the receiver was given to the judgment debtor, the receiver's title extends to the personal property of the judgment debtor, at the time when the notice was served, either personally or by complying with the requirements of an order prescribing a substitute for personal service. The answer of the testamentary trustee is a complete defense to the application. From an examination of the will it appears that the judgment debtor's interest thereunder was not inalienable, but assignable. The receiver's title vested at the time the order was made appointing him, viz., June 18, 1890, unless the proceeding is brought within the exceptions provided for by section 2469. It is alleged and not denied that no order requiring the judgment debtor to attend and be examined had ever been served upon him, and the order requiring the third person to attend and be examined was not served until May, 1890, being a period subsequent to the date of the alleged assignment. The validity of the assignment cannot be attacked in this court, (*In re Palmer*,[1] Surr. Dec. 1891, p. 102; *In re Wagner's Estate*, 119 N. Y. 28, 36, 23 N. E. Rep. 200;) and as long as it exists is an effectual bar to any proceedings of the petitioner to reach the interest in the estate that belonged to the assignor prior to the alleged assignment.

[1] The opinion in Re Palmer's Estate, filed February 25, 1891, by RANSOM, S., is as follows: "The proceeding is brought by parties interested in an estate to compel the representatives of one who was an executor of such estate, but is now dead, to account for his proceedings as such executor. No distribution can be had in this proceeding. It can only be effected in a proceeding in the estate which was represented by the deceased executor. Estate of Wray, Surr. Dec. 1889. p. 522, (not reported.) One of the petitioners claims that certain stock accounted for as part of the testatrix's estate is her personal property, having, as she alleges, been purchased for her by testator's executor, as her agent, out of moneys due to her from said estate. Both petitioners insist that a certain assignment of her interest, made by another of the residuary legatees, to the said executor, is invalid or inoperative, and that a subsequent assignment by the husband of the assignor, she having predeceased him, is valid and should be held to be effective. The accounting executors admit neither of these claims. The issue thus raised as to the ownership of the stock is one which involves the disposition of a disputed claim, and cannot be determined in this proceeding, or in one instituted in the estate of the testatrix. The assignment to the deceased executor is sufficient in form to effect a transfer to him of the interest of the assignor, and there seems to be no doubt that it was delivered. It must therefore be assumed to be valid until it is set aside. If there is any ground for attacking its validity, it should be assailed in another court. See In re Wagner's Estate, 119 N. Y. 28, 36, 23 N. E. Rep. 200."