For the error pointed out, the judgment should be reversed and a new trial granted.

All concurred.

Judgment appealed from reversed and a new trial granted, with costs to abide the event.

In the Matter of the Final Judicial Settlement of the Accounts of FRANK D. COOK, as Administrator, with the Will Annexed, of JAMES LOOMIS, Deceased.

*Legacy paid to the legatee, as directed by a final decree — application, by an assignee of the legacy, to open the final decree — validity of the assignment — where triable.*

An administrator, with the will annexed, paid a legacy to the legatee, in accordance with the directions of the surrogate's decree finally settling his accounts, and, by a supplemental order, was fully discharged; thereafter, an assignee of the legacy applied to the surrogate, by petition, to open and amend the final decree by substituting therein a direction that the payment of the legacy be made to him instead of to the legatee; the validity of the alleged assignment being positively denied by the legatee, on the return of the order to show cause why the application should not be granted, the surrogate denied the application.

*Held,* that the application was properly denied, on the grounds of *laches* on the part of the petitioner; of want of notice to the administrator before the money was actually paid by him to the legatee, and because the surrogate had no jurisdiction to try the question as to the validity of the assignment.

That it was not a case in which the decree should have been opened in order to admit the petitioner as a party to it, and then the accounting be suspended until the question of the validity of the assignment could have been determined in a proper tribunal.

*Semble,* that the remedy of the petitioner was by action against the legatee, or against the legatee and the administrator, if, as it was intimated in the petition, there was ground for alleging that the two were in complicity in procuring the direction contained in the decree for the payment of the legacy to the legatee, notwithstanding a valid assignment had been made thereof, without giving an opportunity to the assignee to be heard.

APPEAL by Charles W. Fuller, petitioner, from an order of the Surrogate's Court of Ontario county, entered in the office of said surrogate on the 30th day of September, 1892, denying his application to open and amend a decree finally settling the accounts of the administrator above named.

*Moses Shire*, for the appellant.

*D. G. Lapham*, for the respondent Cook.

*G. D. Read*, for the respondent Rockwell.

Dwight, P. J.:

The testator, James Loomis, late of Ontario county, died many years ago leaving a will by which he appointed his widow, Nancy Loomis, and one Charles Shepard his executors, and gave a legacy of $900 to the respondent, Adin Rockwell, payable only after the death of the widow. That event occurred in 1891. Charles Shepard, who seems to have been the sole acting executor, died in 1867, and was succeeded, first, by Charles E. Shepard, who died in 1886, and, afterwards, by the respondent Cook, as administrator with the will annexed of the estate of James Loomis.

In April, 1892, Cook made his petition to the Surrogate's Court of Ontario county for a final settlement of his accounts as such administrator; an accounting was had and a decree made, accordingly, which, among other things, directed the payment to the legatee, Adin Rockwell, of the legacy before mentioned. That payment, with all others directed by the decree, was duly made, and, by a supplemental order, Cook was fully discharged from duty and liability as such administrator.

Thereafter, and on the 20th day of September, 1892, the appellant, Charles W. Fuller, filed in the same court his petition praying for an order requiring Cook to show cause why the decree above mentioned should not be opened and amended so as to direct him to pay to the petitioner instead of Adin Rockwell, the legacy in question. In his petition Fuller alleged that on the 1st day of November, 1882, Rockwell duly assigned the legacy to him, and that immediately upon the receipt of such assignment he had caused written notice thereof to be given to Charles Shepard, one of the executors of the will of Loomis. The same petition, in tracing the successive administrations of Loomis' estate, shows, as the fact was, that Charles Shepard died in 1867, fifteen years before the assignment was made; this contradiction of statements is nowhere in the case corrected or explained. The petition further shows that in 1887 Cook, as admin-

istrator, etc., of Loomis, instituted proceedings in the same court to compel an accounting by the executors of Charles E. Shepard, deceased, his predecessor in such administration, and that in the account filed by them — in the schedule which gave the names of persons interested in the estate, was the following entry: " Adin Rockwell of Rochester, N.Y., Charles W. Fuller, assignee of interest of Adin Rockwell, residence unknown." The petition also showed that in the account of Cook, filed for settlement in April, 1892, is the statement: " It has been reported that said Adin Rockwell has assigned his interest in said estate, but I have no knowledge respecting the truth or falsity of said report, and no information as to the name or residence of the assignee, if one exists." The foregoing are all the matters stated in the petition which tend to charge the respondent with notice of the assignment.

The petition was answered by Cook, the administrator, and also by Rockwell, the legatee, who, though not cited under the order to show cause, appeared on his own motion, as he had a right to do. (Code Civ. Pro. § 2731.) Cook denied that he had any notice that the legacy had ever been assigned, except by mere rumor, which did not give the name of the supposed assignee; alleges that he made diligent inquiry to ascertain the truth of the report, and was unable to obtain any further information on the subject; alleges that he never saw the entry in the account filed by the executors of Charles E. Shepard, nor had his attention called to it. Rockwell answers, admitting that he executed an assignment of the legacy to Fuller, but impeaching it for fraud, deceit and duress. No evidence was taken on either side, and the case stands on the undisputed allegations of the petition and the two answers.

On the case thus presented, we think the decree of the Surrogate's Court denying the prayer of the petitioner was clearly right, on three grounds: (1) for *laches* on the part of the petitioner; (2) for want of notice to the administrator before the money was actually paid by him to the legatee; (3) because the surrogate had no jurisdiction to try the question of the validity of the assignment.

The *laches* of the petitioner are shown by the fact that for ten years he made no attempt to give notice of his assignment, or to present his claim, except to an executor who had been dead for fifteen years. If, as he says, he did not know that the deceased executor

had been succeeded in the administration of the estate, that of itself shows *laches*, because the fact could have been learned at any time, on application to the surrogate of the proper county.

We also agree with the learned surrogate that the case fails to show such notice of an assignment to the administrator, as to charge him either with bad faith or neglect of duty in failing to cause the petitioner to be cited to the final accounting. In the absence of such a case against the administrator, a conclusive answer to the petition is found in the fact that the validity of the assignment was positively denied on the return of the order to show cause. The only purpose for which it was sought to open the decree, was to substitute a direction for the payment of the legacy to the alleged assignee. This, of course, could not be done until the validity of the assignment was established, and the surrogate had no jurisdiction of that issue. Code Civ. Pro. §§ 2718, 2743; *In re Brown*, 3 N. Y. Civ. Pro. Rep. 39; *Strong* v. *Strong*, 3 Redf. 481; *In re Martine's Estate*, 11 Abb. N. C. 54.

Nor was this a case in which the decree should have been opened in order to admit the petitioner as a party to it, and then the accounting suspended until the question of the validity of the assignment could have been determined in a proper tribunal. For here not only was the accounting completed, but the money in the hands of the administrator had been paid out in accordance with the directions of the decree. This, it is plain, must be a complete defense to the administrator against the liability to pay it again, unless, as we have said, he has been guilty of bad faith or neglect of official duty in procuring the settlement and the decree to be made.

The remedy of the petitioner seems to be by action against Rockwell, or against Rockwell and Cook, if — as is strongly intimated in the petition — there is ground for alleging that the two were in complicity in procuring the direction of the decree for the payment of the legacy to Rockwell, notwithstanding a valid assignment, without giving an opportunity to be heard.

On the case made by the findings in the Surrogate's Court, the order was right, and should be affirmed.

All concurred.

Order of the Surrogate's Court of Ontario county appealed from affirmed, with ten dollars costs and disbursements.