In the Matter of the Final Judicial Settlement of the Accounts of CHARLES T. REDFIELD, as Administrator of the Estate of ANNA MARIA REDFIELD, Deceased.

LOUIS MARSHALL, Appellant, *v.* WILLIAM A. BEACH, Respondent.

*Power of a surrogate to decree payment of the share of a distributee to one claiming such share as a creditor of such distributee.*

A surrogate has no jurisdiction to determine the question whether a share in an estate, confessedly belonging to one of the distributees, should be paid over to him (or his assignee), or to one claiming it as a creditor of such distributee; nor does a surrogate obtain jurisdiction by assuming it without objection on the part of any of the parties before him.

APPEAL by Louis Marshall, an alleged creditor of Lewis H. Redfield, a person entitled to a distributive share in the estate of Anna Maria Redfield, from so much of the decree of the Surrogate's Court of Onondaga county, entered in the office of said surrogate on the 1st day of December, 1891, as directs the administrator of that estate to pay to the assignee of Lewis H. Redfield the amount of his distributive share in the personal property of the estate.

*Louis Marshall*, for the appellant.

*H. A. Maynard* and *William A. Beach*, for the respondent.

PARKER, J.:

This is an appeal from the decree of the surrogate of the county of Onondaga, made upon the final judicial settlement of the accounts of Charles T. Redfield, as the administrator of the estate of Anna Maria Redfield, deceased.

Lewis H. Redfield is one of the children and a next of kin of the deceased, and as such was entitled to a distributive share of her estate. The amount of such share is fixed by such decree at the sum of $420.83, and the administrator holds such amount ready to pay to whomsoever it belongs.

William A. Beach, the respondent on this appeal, appeared before the surrogate on such final settlement, and claimed the distributive share of Lewis H. Redfield, by virtue of a written assignment thereof from Lewis to his wife, Jessie A. Redfield, dated July 13, 1888, and acknowledged December 9, 1889, and from Jessie A. Redfield to himself, by written assignment dated November 5, 1890. No contest was made by any party over the genuineness of such assignments, nor as to their validity as between the parties thereto. Upon such settlement, Louis Marshall, the appellant herein, also appeared, and claimed such distributive share by virtue of an equitable lien thereon, arising through a mortgage which Lewis H. Redfield and wife had executed to him upon the premises from which the estate about to be distributed had been derived by the enforcement of an annuity, charged thereon for the benefit of the deceased, Anna Maria Redfield, during her life.

The surrogate tried the issue thus raised between Marshall and Beach, and determined that Marshall had no lien or claim to such distributive share, and in his decree directed the payment of such share to the claimant Beach. From such decision and decree the claimant Marshall appeals to this court.

On the threshold of this inquiry the question presents itself whether the surrogate had jurisdiction to try the issue thus raised, or to make any decree whatever on the subject. A Surrogate's Court has such jurisdiction only as is conferred upon it by statute, or is necessarily implied from the powers so conferred. (*Matter of Underhill*, 117 N. Y. 471.) The only statute under which it can be claimed that power was given sufficient to warrant the decree in this case, is section 2743 of the Code of Civil Procedure. Such section does not in terms grant any powers, but it imposes upon the Surrogate's Court certain duties, and the powers necessary to fully perform those duties are by implication also conferred. Thus, the surrogate under such section has power to construe the provisions of a will so far as it is necessary to determine to whom a legacy belongs,

because he is thereby required to distribute by his final decree that portion of the estate remaining after the executor has settled his accounts, among "the creditors, legatees, next of kin, husband or wife of the decedent, or their assigns   *   *   *   according to their respective rights." (*In the Matter, etc., of Verplanck*, 91 N. Y. 439.)

The precise question upon which the surrogate in this case was called upon to pass, and which he has, by the decree appealed from, determined, was, whether a share of the estate confessedly belonging to one of the distributees, should be paid over to him (or his assignee), or to one claiming it as a creditor of such distributee. That is, he was to inquire into the relations existing between a distributee and an alleged creditor of his, and to determine, not only whether the debt claimed actually existed, but whether the creditor had secured an equitable lien upon the share to be distributed.

It seems very clear that no such power is conferred upon the Surrogate's Court by the section referred to, nor is any duty imposed upon it which requires the exercise of any such power. The final decree is to distribute to " the creditors," but that means creditors of the deceased only (*Matter of Underhill*, 117 N. Y. 471), and nowhere is there any provision that a surrogate distribute the estate to persons other than in that section specified. The decree of distribution may order payment to a creditor of the deceased, or to an assignee of such creditor, or to a legatee, or to the next of kin, or to an assignee of either, because each of those is specified in the section ; but to a creditor of a creditor, or to the creditor of one of the next of kin, the surrogate is not required to decree payment, and, hence, there is neither necessity nor authority for his inquiring into the merits of such a claim.

I have not been able to find any decision upon this precise question, except one by the surrogate of Westchester county in *Matter of Estate of Elsie A. Heelas* (5 Redf. 440), and the facts therein appearing will illustrate the impropriety of allowing to the Surrogate's Court the jurisdiction which, in the case before us, has been assumed.

A husband was entitled to a distributive share of an estate, and he assigned such claim to his wife. Certain persons claiming to be creditors of the husband, and also claiming that such assignment was in fraud of their debts, had secured an attachment against the distributive share in the hands of the executor, and they applied to

be brought into the Surrogate's Court upon the final accounting, to the end that they might secure a stay in the payment of the distributive share until their claims could be properly adjudicated upon. The surrogate denied the application on the ground that they were not proper parties in his court, and decreed the payment to the assignee. This case suggests the extent to which the surrogate's jurisdiction would be forced, if a creditor of a distributee is entitled for any reason short of an assignment, to a decree directing the payment to himself of the share to be distributed. Questions of fraud, and all the complicated and infinite variety of questions that are now the basis for sustaining a creditor's bill to reach a particular fund, and possibly more, attacking the very existence of the debt under which the creditor claims, would be presented to the surrogate, and require an investigation and judicial determination before he could make a decree settling the estate.

Several cases akin to this question may be cited as tending to show the views of the courts upon it. In the case of *Sanders* v. *Soutter* (126 N. Y. 193, 200), a person entitled to a distributive share of an estate had released to the executors all her claim. It was held that the validity of such release could not be inquired into at the suit of one who claimed to be an assignee of the share released, and that such release was in fraud of his rights as such assignee.

Prior to the enactment of section 2743 of the Code, the statute did not include the word "assigns" in providing to whom distribution should be made, and it was held under such act that a surrogate could not inquire into the validity of, or even recognize the undisputed existence of, an assignment, nor direct payment to be made to an assigneee. (*Hitchcock* v. *Marshall*, 2 Redf. 174; *Leviness* v. *Cassebeer*, 3 id. 491.)

This same section 2743 also provides that when the validity of a debt, claim or distributive share is not disputed, or has been established, the decree must determine to whom it is payable, etc., etc. Under this provision, it has been steadily held that the surrogate cannot try the validity of a debt or claim made against the estate. (*Matter of Will of Walker*, 136 N. Y. 20, 27.)

Also, when a legatee asks for an accounting against the executor, and he replies that he has been fully released from all claims thereunder by such legatee, the validity of such release, if disputed by

the legatee, cannot be tried in the Surrogate's Court. (*Matter of Wagner*, 119 N. Y. 29, 36.)

Also, it has been held that even now, under section 2743, the validity of an assignment of a legacy, as between the legatee and his assignee, cannot be tried in a Surrogate's Court (*Matter of Cook*, 68 Hun, 280; *In re Brown*, 3 Civ. Proc. Rep. 39, 55), although the contrary of this has been held in *McCabe's Estate* (18 N. Y. Supp. 715).

The line of reasoning in all these cases is to the effect that a surrogate has no authority, except what is expressly conferred by statute or necessarily implied from the powers conferred, and that such implied powers are not to be stretched beyond what is plainly necessary to enable him to perform the specific duties imposed. So the policy of the statute itself is plainly against giving to such court jurisdiction to adjudicate generally upon the contested rights of litigants. It is prohibited from trying the validity of a debt, even though it is one claimed against the estate itself, and the final settlement of the estate is delayed until the question of its validity is determined. Surely every conceivable reason for withholding from it jurisdiction to try such claims would apply with greater force against giving it authority to adjudicate upon the conflicting claims of a distributee and his creditors.

We conclude, therefore, that the surrogate had no jurisdiction to try the question which was presented to him by this appellant, and make an adjudication upon it. Nor did the surrogate obtain jurisdiction by assuming it, without objection on the part of any of the parties before him. (*Bevan* v. *Cooper*, 72 N. Y. 318, 329; *Matter of Underhill*, 117 id. 479; *Matter of Will of Walker*, 136 id. 21.) That being the case, we cannot sustain that part of the decree which adjudges that Louis Marshall has no lien upon, or claim to, the distributive share of Lewis H. Redfield. Upon that question, the surrogate was utterly without jurisdiction to make any decision, but as to all other of its provisions, the surrogate's decree must be affirmed.

Whatever may be the merits of Marshall's claim to a lien upon the distributive share in controversy, he had no standing in the Surrogate's Court to enforce it. Instead of entertaining his objection and adjudicating upon his rights, the surrogate should have ignored his claim, and proceeded to distribute the estate among those persons specified in section 2743, as their respective rights appeared.

Under that section, he was authorized to distribute the share of Lewis H. Redfield to his assignee, no objection being made by the assignor to the validity of such assignment. That distribution the decree has ordered, and inasmuch as Marshall had no standing in the Surrogate's Court to complain of any decree the surrogate might make with reference thereto, he has no standing to bring this appeal, or to ask that such decree be reversed by this court.

Hence, we do not consider the merits of the appellant's claim to a lien upon the fund in question. Nor do we reverse any provision of the decree, except the one that was plainly beyond the jurisdiction of the surrogate to make.

HARDIN, P. J., and MERWIN, J., concurred.

Part of the decree appealed from reversed so far as it assumes to adjudicate upon the rights of Marshall to the fund, in other respects affirmed, without costs.