HEATON et al. v. HULL et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. GREEK LETTER FRATERNITIES—CHARTER—WITHDRAWAL—GROUNDS.

The fact that a college has not the proper material for the maintenance of a Greek letter fraternity is no ground for the withdrawal of its fraternity charter by the head council, where there is no provision in the constitution or by-laws authorizing such withdrawal, except for a violation of the rules and usages of the fraternity.

2. SAME.

A disclosure by charter members of the constitution of a Greek letter fraternity, and of certain secrets relative to an attempt, by the grand council, to withdraw a charter, was not such a violation of the constitution and by-laws as would authorize the fraternity to forfeit their charter, where such violation was rendered necessary by the fraternity itself.

3. SAME—RIGHT TO ENJOIN.
    Members of a college fraternity chapter may enjoin the unauthorized
    withdrawal of its charter, though they would still retain membership, not-
    withstanding the withdrawal.
    Parker, P. J., and Merwin, J., dissenting.

Appeal from trial term, St. Lawrence county.

Bill by Lucia E. Heaton and others against Mary J. Hull and others.
From a judgment in favor of plaintiffs (59 N. Y. Supp. 281), defend-
ants appeal. Affirmed.

The plaintiffs are, some of them, charter members, some active, and some
alumnæ members of the Beta Beta Chapter of the Kappa Kappa Gamma
fraternity, a secret society, with 27 chapters in different women's colleges in
the United States. The defendants compose the grand council of that frater-
nity, with substantially plenary powers during the interim between the na-
tional conventions of the fraternity, which are held in alternate years. The
judgment appealed from restrains the defendants from proceeding to with-
draw the charter of the Beta Beta chapter existing in the St. Lawrence Uni-
versity, in this state, so long as the chapter conforms to the rules and usages
of the fraternity.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH,
and KELLOGG, JJ.

E. A. Denton, for appellant.
Ledyard P. Hale, for respondents.

SMITH, J. The charter which gave life to this chapter provides
that the grand chapter of the fraternity have granted unto this plain-
tiff and others, as a chapter of the fraternity, "full power to perform
all duties and ceremonies appertaining to the same whilst they con-
form to the rules and usages of the fraternity; otherwise, this chap-
ter shall be declared null and void." The acceptance of this charter
made the contract between the mother fraternity and the chapter,
and would seem to give to the plaintiffs, constituting the chapter,
the right to permanence so long as they shall conform to the rules
and usages of the fraternity. It is undoubtedly true that any charter
granted to a chapter in one of these fraternities is subject to the con-
stitution and by-laws of the fraternity, which, to that extent, are
deemed a part of the contract. But nowhere in the constitution or
by-laws of the Kappa Kappa Gamma fraternity is there any provision
authorizing the withdrawal of a chapter, except for the violation of
the rules and usages of the fraternity. There are three grounds
upon which the defendants have attempted to annul the plaintiffs'
charter: First. That the college itself has not proper material for
maintenance of a chapter. If, however, the charter accepted consti-
tutes the contract between the fraternity and the chapter, power of
revocation is not therein given for any such reason. That is not a
violation either of a rule or a usage of the fraternity, for which alone,
under the contract, a charter can be annulled. The second and third
grounds are a disclosure of the constitution and a divulging of certain
secrets of the fraternity relative to the attempt of the defendants to
withdraw the plaintiffs' charter. Assume, for the argument, that
these secrets were divulged, and for it the chapter can be held re-
sponsible, nevertheless there do not appear to have been any disclo-

sures that have not been rendered necessary for the defense of the chapter against the attempted illegal action of the fraternity officers. The violations of the plaintiffs' obligation will not authorize the fraternity to declare forfeited the charter when such violation is rendered necessary by the fault of the fraternity itself. With this attempt of the defendants to withdraw this charter unauthorized by the constitution or rules of the fraternity and in violation of the charter, have the plaintiffs a standing in court to complain? No member is sought to be expelled from the fraternity. No property rights are appropriated. What is sought is to restrain the chapter from taking new members. This means an extinction of the chapter after the present members of the fraternity in the college have been graduated. The material loss of the plaintiffs is the loss by the alumnæ of a home chapter of their fraternity. Is this loss substantial? The friendships of college days are generally the strongest of one's life. More strongly still are those friendships cemented by fraternity life. In after-life not only are they the source of social and intellectual enjoyment, but many times of material advantage. Moreover, this tie holds more strongly among graduates of the same institution. Their interests are in common. Their chapter is to all its graduates a club home, where a friendly greeting is always assured, and which operates to call back the graduates, especially at commencement times. The loss of this club home is not merely sentimental; it is a substantial loss, which has always been markedly felt whenever a chapter of a fraternity has been withdrawn from a college. If there be aught of substance in the right of one to membership in a social club apart from his property right, by parity of reasoning there is equal substance in the right of a fraternity man to the maintenance of his club home. It is the same wrong to extinguish one's club as to expel him from his club. We are not unmindful of the fact that this reasoning applies with more force to the relations among men than those among women. But the difference is in degree, and not in kind. This action may be without actual precedent. No case is cited, however, where the court has refused to interfere when an attempted expulsion has been unauthorized by the rules of the club. Until, therefore, this chapter has violated some rule or usage of the fraternity, it would seem to have the right to live, and an attempt by the fraternity to withdraw the charter in violation of its contract should be and is a proper subject of judicial cognizance. For these reasons we think the judgment was right.

Judgment affirmed, with costs. All concur, except PARKER, P. J., and MERWIN, J., dissenting.