## In re STEPHENS.

(Surrogate's Court, Ontario County. May 23, 1900.)

1. ASSIGNMENT—VALIDITY.

Where an intestate, who died in 1898, in 1888 made an assignment to his wife in writing, for a valuable consideration, of all interests, present or prospective, that such intestate might have in the estate of a brother, such assignment was not void because made 10 years before death of the intestate.

2. ACCOUNTING BY ADMINISTRATOR—SURROGATE'S COURTS—JURISDICTION—PARTIES—RECEIVER—OBJECTION.

Where an intestate made an assignment to his wife in writing of all interests in the estate of a brother, a receiver of property of such assignor on behalf of his creditors has no standing, in a proceeding in the surrogate's court on accounting by the administrator of the estate of the assignor's brother, to object to such assignment, the court being without jurisdiction in the matter.

Willis C. Ellis, for administrator.

James A. Robson, for assignee.

F. L. Brown (Edwin Hicks, of counsel), for receiver.

DITMARS, S. On the settlement of the account of the administrator in this matter, it is found that Henry C. Harmon, a brother and one of the next of kin of said decedent, would have been entitled to the sum of $376.78, had no other parties appeared and claimed the same. Mary L. Harmon, however, the wife of said Henry C. Harmon, appears, and claims said portion by reason of an assignment made to her, and dated July 6, 1888. Ellis A. Griffith also appears as receiver in third-party proceedings supplementary to an execution, issued on a judgment obtained by one Enos C. Sheldon against said Henry C. Harmon, and claims said portion by virtue of the order appointing him as such, and denies the validity of the said assignment. The assignment purports to have been made July 6, 1888, for a valuable consideration, and assigns and transfers to said Mary L. Harmon all the right, title, and interest, of every name and nature, both present and prospective, that said Henry C. Harmon may have by will, gift, or inheritance in the estate, real and personal, that said Horace A. Harmon may leave at his death. Enos C. Sheldon recovered his judgment against said Henry C. Harmon for $632.26, November 12, 1896. Horace A Harmon, the decedent, died December 28, 1898. Letters of administration were issued to the accountant, John H. Stephens, February 1, 1899. On the 8th day of April, 1899, Hon. Walter H. Knapp, Ontario county judge, granted an order appointing said E. A. Griffith receiver of all the property in this state of the said judgment debtor, Henry C. Harmon.

Now, it is a well-settled rule that where the validity of an assignment of a distributive share is denied by parties properly before the court, and interested in such share, the surrogate's court has no jurisdiction to hear and determine the same. In re Randall, 152 N. Y. 508, 46 N. E. 945, and cases therein cited; also, In re Wagner's Estate, 119 N. Y. 28, 23 N. E. 200. It is observed by the counsel for the receiver that the assignment, having been made some 10 years before the death of the intestate, is void. I cannot agree with the learned counsel in this contention. Courts of equity, at least, seem to support such assignment. Stover v. Eycleshimer, *42 N. Y. 620.

The most vital question in this matter, however, is whether or not the receiver has any standing in this court for the purpose of enforcing his claim, or of objecting to the validity of the assignment. The learned counsel for the assignee contends that the receiver is not properly before this court, that he has no standing here, and cannot, therefore, object to the validity of the assignment. If this contention be true, then there are no objections whatever to the assignment, and this court must, in compliance with section 2743, Code Civ. Proc., direct that the payment of the distributive share of said Henry C. Harmon be made to his assignee, Mary L. Harmon. In Re Arkenburgh, 38 App. Div. 473, 56 N. Y. Supp. 523, and in the case of Dunn v. Arkenburgh (Sup.) 62 N. Y. Supp. 861, cited by the

counsel for the receiver, it is held that a surrogate is without jurisdiction to determine a contest between an assignee of a legatee's distributive share and the legatee's attaching creditor; but in neither of these cases does the question as to whether or not the legatee's attaching creditor had any standing in the surrogate's court seem to have been considered or determined. In Re Arkenburgh, supra, Justice Willard Bartlett says: "If the assignment alone had been before the court, and stood unquestioned, it would have been the duty of the surrogate to order the distributive share to be paid to the assignee; but, when it appeared that such share was claimed by a person alleging himself to be a creditor of the distributee, the surrogate was without jurisdiction to determine to which of the claimants payment should be made,"—and cites In re Redfield, 71 Hun, 344, 25 N. Y. Supp. 3. I turn to In re Redfield, 71 Hun, 344, 25 N. Y. Supp. 3, and in the opinion of Justice Parker I find the following:

"Whatever may be the merits of Marshall's claim to a lien upon the distributive share in controversy, he had no standing in the surrogate's court to enforce it. Instead of entertaining his objection, and adjudicating upon his rights, the surrogate should have ignored his claim, and proceeded to distribute the estate among those persons specified in section 2743, as their respective rights appeared. Under that section he was authorized to distribute the share of Lewis H. Redfield to his assignee, no objection being made by the assignor to the validity of such assignment. That distribution the decree has ordered, and, inasmuch as Marshall had no standing in the surrogate's court to complain of any decree the surrogate might make with reference thereto, he has no standing to bring this appeal, or to ask that such decree be reversed by this court."

Hardin, P. J., and Merwin, J., concurred.

Marshall claimed a lien as a creditor on the distributive share of Lewis H. Redfield.

In Re Heelas (Duncan v. Guest) 5 Redf. Sur. 440, it is distinctly held that the creditors of a distributee are not proper parties to an accounting before the surrogate, and cannot contest the validity of an assignment of the distributee's share. This case is cited and quoted at length in Re Redfield, supra.

The same rule is also held in Re Estate of Sistare, 15 N. Y. Supp. 709, where a receiver, appointed as in this case, applied to the surrogate's court for an order requiring the trustee of an estate in which the judgment debtor has an interest, but had assigned it, to account. The surrogate refused to entertain the application, and held that such an accounting could not be sustained, even upon the ground that the assignment was invalid as to creditors, as the assignment cannot be attacked on such ground in the surrogate's court.

I am forced to the conclusion, therefore, that the receiver has no standing in this court in this matter, and is not a proper party to this proceeding. Having reached this conclusion, it is unnecessary for me to consider any other question presented by the receiver. The validity of the assignment is therefore not denied or attacked by any of the parties properly before the court, and it becomes the duty of the court to decree the payment of the distributive share of said Henry C. Harmon to his assignee, Mary L. Harmon.

Decreed accordingly.