ture and scope of this proceeding, precluded from raising now. In the proceeding for the probate of the will was the proper place to present such question. Sections 2647 and 2653 of the Code, which under the circumstances they mention authorize the revocation of a probate of a will of personal estate, do not, nor does the title of which they form a part, afford any warrant for determining, in the proceedings to which they relate, the validity, construction, or effect of any disposition of property made by a will. See note to section 2647 (Throop's Ed.) Code of Civil Procedure."

In view of these and various other kindred authorities, it must be held that the probate of the will in question be confirmed and that there is no jurisdiction in this proceeding to construe the residuary clause thereof. A decree will be accordingly entered.

Decreed accordingly.

---

(55 Misc. Rep. 181.)

## In re WOODS.

(Surrogate's Court, Putnam County. June, 1907.)

1. EXECUTORS—ACCOUNTING—RENTS COLLECTED.

On the judicial settlement of an executor's accounts, he is chargeable with rents collected, including those collected on devised real estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2062.]

2. SAME—INTEREST ON FUNERAL EXPENSES.

Where an executor has received moneys and paid them out on debts of the estate and legacies, he is not entitled to interest on the bill of the undertaker, forming part of the funeral expenses.

3. SAME—PERSONAL SERVICES.

An estate is not liable to an executor for his personal services in repairing and painting the real estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 2084–2087.]

4. SAME—ATTORNEY'S FEES.

An executor cannot be allowed attorney's fees which he has not actually paid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2068.]

In the matter of the accounting of James C. Woods, executor of William Woods. Decree rendered.

Joseph A. Greene, for executor.
Franklin Couch, for contestant.

SOUTHARD, S. This proceeding comes before this court upon the application of William J. Woods, a son of the decedent, for a citation to compel the executor to render and file an account of his proceedings as such; and on the return day of the citation to compel such accounting the executor appeared and voluntarily filed the account now before the court. To this account objections were filed on behalf of William J. Woods, a son of and legatee under the will of William Woods, deceased.

It is claimed by the contestant and admitted by the executor that the summary statement set forth in the schedule of the account should

show that the amount with which the executor is to be charged is $3,-035.09. This executor ·has taken possession and control of the decedent's estate, and, having done this and received the rents accruing from the real estate after the death of the testator, he is bound to account for the moneys and property received; and, having received the rents from the property specifically devised to the contestant herein, the executor is chargeable with all the rents collected by him from said property, and he is, of course, accountable as well for the rents received from the other property of which decedent died the owner. Objections 1 and 2 having been withdrawn, the executor is entitled to be credited with the payments of the claims for decedent's promissory notes to which those objections were directed.

The objection to the note of December 31, 1896, that it was barred by the statute of limitations, is a valid objection; and the executor is not entitled to the payment of the claim filed in his own behalf.

The executor is not entitled to the interest upon the claim of Andrew McIlravy, undertaker, for the reasons that this is one of the claims against decedent's estate which should have been paid out of the first moneys received by the personal representative of the decedent, and is preferred to all other debts and claims against the estate, and this executor should have taken the first moneys coming into his hands and paid this claim of the undertaker, before attempting to pay other debts of the estate or any legacies.

The executor is entitled to be credited with the claim of Alexander Campbell.

The executor is entitled to be credited with that part of the claim of Gerald V. Grace, amounting to the sum of $562.16; it having been stipulated by the parties to this proceeding that that amount is properly to be allowed.

The executor is entitled to be allowed the item of $58.50, paid by him for interest on the promissory note made by the decedent.

As to the claim made by the executor for work, labor, and services performed by him personally, valid objection is made that all such items set forth in executor's account and testified to by him consist of his personal labor and services in painting and repairing the real estate of the decedent. The personal representative of the decedent cannot receive for his own service from the estate any greater compensation than the statutory commissions, and cannot, by rendering service beyond his duties as personal representative, entitle himself to additional compensation. He is not permitted to deal with the trust so as to gain any advantage directly or indirectly for himself beyond his lawful compensation, unless specifically authorized by the judicial act of the surrogate or a court of competent jurisdiction before they are rendered. Redf. Surr. Prac. § 557; Collier v. Munn, 41 N. Y. 143; Lent v. Howard, 89 N. Y. 179; Smith v. City of Albany, 61 N. Y. 444; Matter of Peck, 79 App. Div. 300, 80 N. Y. Supp. 76.

The executor should be credited with the taxes and insurance premiums shown by his account to have been paid by him. The burden is upon the contestant to impeach the justice of these claims paid, as well as the fact of their payment; and in my opinion the executor has sufficiently proved the fact of payment, as well as. the justice and ne-

cessity thereof, it appearing that the taxes and insurance premiums paid by this executor were the taxes due upon all of the decedent's property, including that devised to him, as well as that devised to his brother, the contestant herein, and has been sufficiently separated to show upon which property the assessments were levied and taxes paid.

The items of the account showing payments of money to others than the executor for which vouchers were not produced, where these items did not exceed $20, should be allowed to the executor, as they are apparently reasonable and proper, and the executor in his testimony has shown that these amounts were expended for the benefit of the decedent's real estate.

Although the burden of showing the necessity for the services and the reasonableness of the charges made for counsel fees is upon the executor, the question as to the claim for legal services by his attorney to this executor has been submitted to the court, and the justness and reasonableness of the amount claimed therefor; and the court is of the opinion, from the evidence and the nature of the services rendered, that the amount as charged is not reasonable and is larger in amount than appears to be just and a proper charge for services of like character. The attorney for the executor has rendered a bill for services, in the sum of $504.50; but the court is of the opinion that the sum of $200 would have been a reasonable compensation for the work done. But the further objection is made that this claim for counsel fees has not been actually paid and cannot be allowed. This objection seems to be valid, as in no event can an allowance be made by the surrogate for a claim presented by the executor for reimbursement until he has actually paid the bill; and credit should not be allowed for expenses incurred in the administration of the estate, except in so far as they have been actually paid by the person making the accounting. Matter of Van Nostrand, 3 Misc. Rep. 396, 24 N. Y. Supp. 850; Matter of Bailey, 47 Hun, 477; Matter of Spooner, 86 Hun, 9, 33 N. Y. Supp. 136; Matter of O'Brien, 5 Misc. Rep. 136, 25 N. Y. Supp. 704; Redf. Surr. Prac. § 553.

The executor should not have paid the specific legacy mentioned in the will until he had paid the debts due to all the creditors of decedent's estate. He should have exhausted all of the personal assets of decedent's estate in payment of those legal liabilities properly presented to him; and he, having paid in full this legacy, without deducting any transfer tax, as assessed in the tax proceedings herein, he must either obtain the payment thereof from the legatee or be held personally responsible for the amount thereof. Hogan v. Kavanaugh, 138 N. Y. 422, 34 N. E. 292; Matter of Robertson, 51 App. Div. 120, 64 N. Y. Supp. 385; Matter of Underhill, 117 N. Y. 471, 22 N. E. 1120.

Decree accordingly.