MATTER OF FREDERICK WIEMANN. **239**

Misc. 239]      Surrogate's Court, New York County, August, 1922.

In the Matter of the Judicial Settlement of the Accounts of the Executors of the Last Will and Testament of FREDERICK WIEMANN, Deceased.

Surrogate's Court. New York County, August, 1922.

Executors and administrators — when executors may have execution for refund against residuary legatees who were overpaid — unforeseen expenses of administration.

Where upon an accounting proceeding it is made to appear that a deficiency of assets exists because of certain lengthy and expensive litigation which was not anticipated, the court under section 40 of the Surrogate's Court Act, as amended by chapter 439 of the Laws of 1921, may decree that the executors have judgment and execution thereon against residuary legatees who have been overpaid.

PROCEEDING to settle accounts of executors.

*Rothwell, Harper & Matthews* (*Harold Harper*, of counsel), for executors.

*John M. Ward*, for objectors.

*Samuel N. Freeman*, for George F. Wiemann individually, and Elsa Wiemann.

*Julius Miller*, special guardian for Selma Einsel.

*Arthur C. Mandel*, for objecting legatee.

*Benjamin F. Schreiber*, for referee.

COHALAN, S.   In this accounting proceeding the executors present, without any opposition, a decree awarding them a judgment and execution thereon against certain residuary legatees who have been overpaid.   A deficiency of assets of the estate now exists by reason of certain lengthy and expensive litigation which was not anticipated, so that before a proper, complete and equitable decree can be made, it is necessary that the executors seek a repayment of certain sums from the residuary legatees.

The expediency of such an affirmative adjudication in the present instance presents itself favorably to the court.   Unquestionably, prior to the amendment to the Code of Civil Procedure by the legislature in 1914, such an affirmative judgment was not within the jurisdiction of the court to grant.   *Matter of Underhill*, 117 N. Y. 471; *Matter of Lang*, 144 id. 275.   Prior to that amendment any overpayment to a legatee, even though made in good faith, could be recovered by an executor only in an action in another court. In the opinion in *Matter of Lang, supra*, the chief justice stated that " we should be inclined to sustain the decision of the General

Term if we could consistently with our former decision; but as was stated in that case, if it is desirable that the surrogate should have a broader jurisdiction which would include a case like this, it must be conferred by the legislature."

Section 40 of the Surrogates' Court Act (formerly Code Civ. Pro. § 2510), as amended by chapter 439 of the Laws of 1921, expresses the intent of the legislature to enlarge the jurisdiction of the Surrogate's Court so that now every question, legal or equitable, arising in any proceeding properly before that court may be completely and finally determined by the surrogate. This avoids circuity of action and multiplicity of suits. Section 40 of the Surrogates' Court Act has provided that the enumerated powers therein conferred upon the surrogate are " in addition to and without limitation or restriction on the foregoing powers."

·In the present instance the court in the course of this accounting proceeding must grant the relief asked in order to make a complete and equitable decree.

Compensation of special guardian fixed and costs taxed. The decree as submitted for signature will be signed after all proper amounts have been inserted therein.

Decreed accordingly.