In the Matter of the Final Judicial Settlement of the Account of BENJAMIN LARAMIE, Administrator, etc.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Executors. Final accounting.*—The amount paid by the administrator to his attorney for obtaining the money which constitutes the whole estate, if a reasonable sum, should be allowed to him, on the final settlement of his accounts.
2. *Same. Power of surrogate.*—The power to determine who are the proper distributees is inherent to the power to settle, account and distribute the estate; and in such case, the surrogate's court has power to determine the question of the legitimacy of the distributees.
3. *Same. Costs.*—Where, on such settlement, a contest between a legitimate child, and other alleged illegitimate children, of the decedent, was set in motion by the administrator, who, in good faith, presented the question to the surrogate's court, the costs of a special guardian appointed for all the children, and of the attorney for the legitimate child, should not be charged against the administrator's share in the estate, but should be paid out of the share of the legitimate child.

Appeal by the administrator from a decree settling his accounts, and charging him personally with costs.

*W. Charles B. Thornton*, for appellant.

*Francis Spier, Jr.*, for Mr. O. Ball and Rufus B. Laramie, respondents.

BARNARD, P. J.—The case shows that Benjamin Laramie was appointed by the surrogate of Kings county administrator of the estate of Harriet M. A. Laramie, his wife. The administrator petitioned for a judicial settlement of his account.

By his petition the administrator stated that certain infants were among those interested in the estate.

These infants were cited to appear at the accounting, and subsequently to the return of the citation the surrogate appointed a special guardian for them, to take care of their

interests, on the final settlement. Objections were taken to the account and the proceedings were referred to John A. Kemble, referee, to hear and determine all matters arising upon the settlement of the account. Among the items contested was a payment of $250 by the administrator to his attorney. The evidence shows that the administrator agreed, with his attorney, to pay $250 for obtaining the money from England, which constituted all the estate.

It was a legacy due to the deceased and amounted to $633.99, and was from the estate of Elizabeth Weeks. The evidence shows that $250 was a reasonable charge for the work done, and that sum should have been allowed by the referee.

The only other question litigated on the trial was whether the young children were distributees.

Laramie was married to the deceased, and by her he had children, one of whom, Rufus B. Laramie, alone survives. In 1861, Benjamin Laramie enlisted first in the army and then in the navy. On his return he found his wife had one young child by him, and these disputed children.

The referee has found them illegitimate. The objection is taken that the legitimacy of the children exceeds the power of the surrogate's court.

The point does not seem to be well founded. The power to determine who are the proper distributees is inherent to the power to settle and account and distribute the estate. It is, also held to exist by adjudged cases. Riggs v. Cragg, 89 N. Y. 479; Purdy v. Hayt, 92 Id. 446; Matter of Verplanck, 91 Id. 439.

There is nothing in the evidence which shows that the costs of the special guardian or of the attorney for the legitimate child should be charged against the husband's share, as he was left to pay his own costs.

The special guardian, who was as well the special guardian of the legitimate child, as of the illegitimate children, should equally be paid out of the share of the legitimate

child. The contest was between these children, and there is no proof showing bad faith or unreasonable contest upon the part of the husband of the deceased. He presented the question to the surrogate's court and that is all.

The contest was taken up by the child against his illegitimate brothers and sisters. The husband did nothing but call for payment of the cost of this contest.

Decree modified in accordance with these views and no costs allowed to either party, on this appeal.

All concur.