1. LEGITIMACY—PRESUMPTION.
    The presumption of legitimacy is one of the strongest known to the law, and the burden rests upon the party seeking to overthrow it.
    [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bastards, §§ 4–6.]

2. ADMINISTRATION—EVIDENCE OF HEIRSHIP—REVOCATION OF LETTERS.
    On an application to revoke letters of administration, evidence *held* sufficient to show that petitioners were respectively the sister and the nephew of the intestate, so as to authorize revocation.

In the Matter of the Estate of Ellen Kelly or Cunningham. Application to revoke letters of administration. Granted.

Henry J. Stevenson, for petitioners.
M. J. Horan, for respondents.

THOMAS, S. The objections to the admission of the exhibits concerning Matthew Parker, marked for identification Nos. 1 to 7, are overruled, and exceptions noted for petitioners. It is admitted that the intestate's mother, Ann Coffey, had two daughters by a man named Matthew Parker, whose names were Bridget Parker and Mary Parker, and that the intestate's father was named Cunningham, and that she was known as Ellen Cunningham until her marriage with John Kelly. Bridget Parker and a son of Mary Parker, who is now deceased, are the petitioners in this proceed-

ing, and they are next of kin of the intestate, unless it has been shown that the children of Ann Coffey were illegitimates. As to this the burden of proof rests heavily upon the respondents, since the presumption of legitimacy is one of the strongest known to our law. Caujolle v. Ferrie, 23 N. Y. 90; Tracy v. Frey, 95 App. Div. 579, 88 N. Y. Supp. 874; Matter of Matthews, 153 N. Y. 443, 47 N. E. 901. The depositions of the witnesses taken on the Irish commission concern matters that happened many years ago, and, as might reasonably be expected, they do not agree with each other in matters of detail. As to the vital question of fact—the legitimacy of the children of Ann Coffey—none of the witnesses testify of their personal knowledge, and the entire bulk of their testimony is based upon hearsay. It would seem that the neighborhood gossip of the vicinity in which Ann Coffey lived, or some of it, imputed the paternity of her two older children to one Matthew Parker, a wealthy man and a gentleman farmer, who never was married to her, and that there was a difference of opinion among the acquaintances of Ann Coffey as to whether she was married to Cunningham, who was the father of the intestate. So far as this hearsay evidence is shown to consist of the declarations of members of the family of Ann Coffey likely to know the facts, and having family reasons for reporting them truly, such declarations are competent. So far as they consist of a recital of the idle chatter of strangers, they must be disregarded. As against all of this, we have the positive testimony of Bridget Parker to the effect that she remembers her father, Matthew Parker; that he lived with her mother and her sister and herself, and died and was buried from their home while she was a child; that subsequent to his death her mother was married to Michael Cunningham, her sister Ellen Cunningham was born, and Michael Cunningham died. If this is true, then the Matthew Parker who married Miss Woods in 1831 and died in 1869 was a different person from the husband of Ann Coffey. We also have the oral and written declarations of the intestate that the petitioner Bridget Parker was her sister, and that the petitioner Clark was her nephew.

I will find as facts that the petitioner Bridget Parker is the half sister of the intestate, and that Mary Parker, deceased, was her half sister; that they were all born in wedlock, and that Bridget Parker and John E. Clark, a son of Mary Parker, deceased, and the children of Elizabeth Donnelly, deceased, who was a daughter of Mary Parker, deceased, are the next of kin of the intestate. The application to revoke the letters of administration issued to the respondents is granted. The petitioners do not ask that letters be issued to themselves, and the New Jersey administrator does not ask for ancillary letters. A new application for letters may be made. Costs of the proceeding will be awarded to petitioners, payable out of the estate.

Decreed accordingly.