Slater, S.
Several objections have been raised to the account of the administratrix herein. It appears that the account set aside the exemption under section 2670, subdivision 4, of the Code of Civil Procedure. Objection is made to this. The widow was clearly *728 entitled to such an exemption. Matter of Shanley, 95 Misc. Rep. 427.
The account indicates that certain payments have "been made by the administratrix for taxes and for certain repairs to the house. Objection is made to these payments. The administratrix is the widow of the decedent and is entitled to dower in the real property. She has paid taxes for the years 1917 and 1918 and also paid fire insurance premium upon said premises, and for certain repairs. The administratrix had no authority to make such payments after decedent’s death out of the personal assets of the estate and on this accounting they must be disallowed. She undoubtedly would be entitled to be reimbursed for such payments, however, out of the proceeds of the sale of the land as between herself and the other heirs to whom such land descended. As doweress, she had the right to protect her interest and her property. Matter of Sworthout, 38 Misc. Rep. 56; Matter of Bernstein, 58 id. 115.
The other question remaining is a more serious one. It is claimed that one of the children, Rose Barthel de Julio, is not entitled to a distributive share or interest in the estate of the intestate. This court is given the right to inquire into the legitimacy of children by virtue of its power to determine and direct distribution of an estate. Matter of Laramie, 6 N. Y. Supp. 175; Matter of Schmidt, 42 Misc. Rep. 463.
The proven facts in the case show that the intestate and his wife, the present administratrix, lived together in the same house and that a male boarder also resided with them and was her paramour. The question relates to the legitimacy of a daughter born to the wife.. No evidence was given to show non-access of the husband, and presumption of legitimacy without due and ample proof of non-access must obtain. This presumption is based upon the broad principles of natural justice and supposed virtue of the mother. *729 Such presumption is the basis of the society of the world. It is founded on the highest public policy. Any other rule would be fraught with danger. Property rights would be rendered doubtful. Many people would be found who would be "willing to bastardize their relatives to increase their estate. Presumption of legitimacy is protection of property and, to overcome it, ample proof of non-accessibility must be shown. The presumption of the fact of legitimacy is one of the strongest known to the law and it cannot be overthrown except by evidence which is stronger. The burden of proof is on the party asserting illegitimacy. As Justice Graynor said, in Mayer v. Davis, 122 App. Div. 393: “ The burden was on the respondents to show incontrovertibly (‘ by irrefragable proof ’), Caujolle v. Ferrie, 23 N. Y. 108, i. e., so clearly and certainly as not to admit of denial, dispute or controversy — that such access did not take place.”
The rule is that to bastardize the issue of a married woman, it must be shown beyond all reasonable doubt that there was no such access as could have enabled the husband to be the father of the child. Matter of Matthews, 153 N. Y. 443; Tracy v. Frey, 95 App. Div. 579; Matter of Kelly, 46 Misc. Rep. 541; Mayer v. Davis, 119 App. Div. 96; Matter of Garner, 59 Misc. Rep. 116; Flint v. Pierce, 136 N. Y. Supp. 1056; Timmann v. Timmann, 142 id. 298; Matter of Klinzner, 71 Misc. Rep. 620.
Evidence was offered, and excluded by the court, tending to prove that the intestate in his lifetime had made statements showing that he was not the father of this girl but that the boarder was the real father. All authorities agree that such statements by the intestate, or even similar testimony by the mother, would be incompetent to be received to prove non-access. The husband is presumed to be the father of the child if he had opportunity to have access to his *730 wife within the required period of gestation and a limited time prior to conception.
The mother or father of a child born in wedlock is properly precluded by public policy from asserting its illegitimacy. They will not be listened to by any court. For reasons of public decency and morality a married person cannot say that an offspring is spurious. Flint v. Pierce, 136 N. Y. Supp. 1056; Timmann v. Timmann, 142 id. 298; Taylor v. Taylor, 123 App. Div. 220; Fanning v. Fanning, 2 Misc. Rep. 90; Steph. Ev. art. 98; Jones Ev. § 97; Chamberlain v. People, 23 N. Y. 85; 5 Cyc. 628.
The character of the testimony offered and excluded in this case to prove the illegitimacy of the daughter does not fall within the law of evidence upon pedigree proof by hearsay by members of a family.
Evidence has often been termed the eye of the law, but the law of evidence has wisely excluded the testimony of husband or wife when it is sought to discredit and destroy the most sacred relation created from time immemorial as the standard of moral life in the world.
Decreed accordingly.