Cabswell, J.
In 1888, Benjamin B. Pinder and Albertina Brede, presumably married, lived in Barbados, British West Indies. Prior thereto they had four children, one of whom was Samuel Pinder, the decedent. During 1888 Benjamin left Barbados and went to British Guiana, South America, where he stayed until 1897, when he returned to Barbados. That same year he again left Barbados, going to British Guiana, where he remained until he died in 1915.
Meanwhile, in 1893, the objectant, Stanley Lovell, was born to Albertina, in Barbados. His father was Simeon Lovell. There is no evidénce that Simeon Lovell lived with Albertina or was part of the household, which, up to. 1897, • consisted of Albertina and the four children she had by Benjamin B. Pinder. The newborn child became one of that household after 1893. There is no evidence that Albertina held herself out as the wife of Lovell. She continued to be known as Mrs. Pinder until she died on July 25, 1925. The death registry describes her as Albertina Pinder. There is no evidence that there was any *304 ceremonial or other form of marriage between Albertina and Simeon Lovell. There is a concession that the objectant is a half brother of the decedent Samuel Pinder; that is, that Albertina Pinder was the mother of each of them. Albertina continued to be known in the neighborhood after the birth of the objectant as Mrs. Pinder. Hearsay declarations were proffered and received under the pedigree rule, and then stricken out, to the effect that Albertina had stated that she had never been married to Simeon Lovell.
We are here concerned with conflicting presumptions. There is a presumption of marriage between Benjamin R. Pinder and Albertina Brede, and presumption of the continuance of that marriage status until the contrary is shown. (Matter of Huss, 126 N. Y. 537; MacRae v. Chelsea Fibre Mills, 145 App. Div. 588.) There is a presumption, which is the strongest known to the law, that Stanley Lovell is legitimate. (Matter of Kelly, 46 Misc. 541 and cases cited.) That presumption, however, is rebuttable, the burden of proof being upon the one asserting illegitimacy. (Matter of Matthews, 153 N. Y. 443.) The objectant asserts that the presumption of his legitimacy is stronger than the presumption of the continued existence of the marriage status between Benjamin R. Pinder and Albertina Brede. There is a statement which sustains that view in Matter of Tuttle (234 App. Div. 1). But the context shows that such a view arises only when particular circumstances warrant such a conclusion. There is no ironclad rule. The law indulges in presumptions, in the absence of evidence, to establish the fact to be proved. Pacts insufficient in themselves to justify particular inferences may weaken or strengthen a particular presumption. The surrounding circumstances in the different cases determine which presumption should prevail. Precedents, because of the variation in circumstances, are rarely controlling. In the Tuttle case {supra) the presumption of legitimacy was founded on a presumption of marriage of the parents of the individual whose status was challenged. There was proof that there had been a so-called second marriage, long cohabitation, birth of children, and a holding out as husband and wife. Under these circumstances it was held that the presumption of the validity of the second marriage was strengthened by these facts which related to a period of twenty years. When there is a conflict of presumptions, which is the more probable is to be determined by the surrounding circumstances. In those cases where the presumption of legitimacy has been, held to outweigh the presumption of the continuity of a pre-existing *305 and conflicting status, there has always been evidence of a ceremonial, or a formal second marriage, uninterrupted cohabitation for a considerable period, and proof of an attitude of friends and relatives indicative of a recognition of a valid marriage status. In such cases the legitimacy of children of such a second marriage has been upheld, even though there was no proof of the dissolution of the prior marriage status, which status, if its continuance were affirmatively established, would bar the sustaining of such a presumption of legitimacy.
In the instant case there is no evidence of a second marriage. There is affirmative proof that Albertina Binder and Simeon Lovell did not live together in the household with the four children of Benjamin R. Binder in 1893 or thereafter. There is indisputable affirmative proof of nonaccess to Albertina on the part of Benjamin R. Binder between 1888 and 1897. There is affirmative proof that the objectant’s mother, Albertina, did not hold herself out as Mrs. Lovell, and held herself out as Mrs. Binder, both before and after the birth of the objectant. These facts overthrow the presumption of legitimacy of the objectant, and require that effect be given to the presumption of the continuity of the marriage status between Benjamin R. Binder and Albertina during the period between 1888 and 1897. The situation is similar to and controlled by Matter of Findlay (253 N. Y. 1).
Accordingly the finding that the objectant is a legitimate half brother of the decedent is disapproved. This conclusion ensues without recourse to the declarations of Albertina that she was not married to Simeon Lovell. It is not necessary to determine whether that testimony was properly received under Matter of Findlay (253 N: Y. 1, 11, supra).
The objectant is not a distributee of the decedent, and his objection to the administrator’s account is dismissed.
The decree, insofar as appealed from, should be reversed on the law and the facts, with costs to appellant, payable out of the estate, and the Surrogate directed to enter a decree in accordance herewith.
Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings and conclusions made.
Hagarty, Acting B. J., Johnston, Adel and Aldrich, JJ., concur.
Decree of the Surrogate’s Court of Kings County, insofar as appealed from, reversed on the law and the facts, with costs to appellant, payable out of the estate, and the matter remitted *306 to the Surrogate’s Court to enter a decree in accordance herewith.
Findings of fact and conclusions of law inconsistent herewith are reversed, and new findings and conclusions will be made. Settle order on notice.